*CH*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

DEC 2 6 2007  *aew*
*DEC 16 2007*
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JOE HEMPHILL

_____

_____

_____
(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**07CV7225**
**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE NOLAN**

vs.

UNIVERSITY OF ILLINOIS

MEDICAL CENTER, Dr. ALLEN

CHERNOFF, GENESIS CLINICAL

LABORATORY, Dr. RANDALL K.

McGIVNEY, ROGER E. WALKER, Jr.,

Dr. PARTHASARATHI GHOSH, (see attached defendants)
(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

Case No:_____
(To be supplied by the <u>Clerk of this Court</u>)

**CHECK ONE ONLY:**

x
_____    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

(Defendants Continued)

MELODY J. FORD,

Dr. KEVIN SMITH,

PAULETTE TIMM,


## II. (a)

D.     Defendant: Dr. Randall K. McGivney
       Title: D.O. FCAP, Director
       Place of Employment: 3231 S. Euclid Ave., Berwyn, IL 60402


E.     Defendant: Roger E. Walker, Jr.,
       Title: Director, Illinois Department of Corrections
       Place of Employment: 1301 Concordia Court, P.O. Box 19277,
       Springfield, IL 62794-9277


F.     Defendant: Dr. Parthasarathi Ghosh
       Title: Stateville Correctional Center Medical Director
       Place of Employment: 16300 S. Route 53, Cresthill, IL 60435


G.     Defendant: Melody J. Ford
       Title: Administrative Review Board Member
       Place of Employment: 1301 Condordia Court, P.O. Box 19277,
       Springfield, IL 62794-9277


H.     Defendant: Dr. Kevin Smith
       Title: Former Stateville Correctional Center Medical Director
       Place of Employment: 16300 S. Route 53. Cresthill. IL 60435


I.     Defendant: Paulette Timm
       Title: Registered Nurse
       Place of Employment: 16300 S. Route 53, Cresthill, IL 60435

I.    **Plaintiff(s):**

    A.    Name:    JOE HEMPHILL

    B.    List all aliases:    None

    C.    Prisoner identification number:    N-80075

    D.    Place of present confinement:    Stateville Correctional Center

    E.    Address:    P.O. Box 112, Joliet, IL 60434

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant:    University of Illinois Medical Center

        Title:    State Medical Research Hospital

        Place of Employment:    840 S. Wood Street, Chicago, IL 60612

    B.    Defendant:    Dr. Allen Chernoff

        Title:    Physician Oncology

        Place of Employment:    840 S. Wood Street, Chicago, IL 60612

    C.    Defendant:    Genesis Clinical Laboratory

        Title:    Private Clinical Laboratory

        Place of Employment:    3231 S. Euclid Ave., Berwyn, IL 60402

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES ( X )  NO (  )  If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES ( X )  NO (  )

C.    If your answer is **YES**:

1.    What steps did you take?    I filed a written grievance to Stateville's Grievance Officer on all claims mentioned herein.

2.    What was the result?

The grievance was denied.

3.    If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

I appealed to the Director.  The Director denied the appeal.

D.    If your answer is **NO**, explain why not:

3

E.     Is the grievance procedure now completed?  YES (x)  NO ( )

F.     If there is no grievance procedure in the institution, did you complain to authorities?  YES ( )  NO ( )

G.     If your answer is **YES**:

     1.     What steps did you take?

             N/A

     2.     What was the result?

             N/A

H.     If your answer is **NO**, explain why not:

             N/A

IV.    List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A.    Name of case and docket number: _____None_____

_____

B.    Approximate date of filing lawsuit: _____N/A_____

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

_____

D.    List all defendants: _____None_____

_____

_____

_____

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F.    Name of judge to whom case was assigned: ___N/A_____

_____

G.    Basic claim made:_____N/A_____

_____

_____

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

_____N/A_____

I.    Approximate date of disposition: _____N/A_____

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

**V.**    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

SEE ATTACHED COMPLAINT

6

**VI.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff seeks monetary damages

_____

_____

_____

_____

_____

_____

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20 07 _____

*Joe Hemphill*
*Joe Hemphill*
(Signature of plaintiff or plaintiffs)

  JOE HEMPHILL
(Print name)

  Register Number N-80075
(I.D. Number)

  Post Office Box 112

  Joliet, IL 60434
(Address)

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOE HEMPHILL,                 )
                                 )
           Plaintiff,      )
                                 )
                                 )
v.                           )     No. _____
                                 )
                                 )
UNIVERSITY OF ILLINOIS MEDICAL  )
CENTER, Dr. ALLEN CHERNOFF,    )
GENESIS CLINICAL LABORATORY,    )
Dr. RANDALL K. McGIVNEY, ROGER E. )
WALKER, Jr., Dr. PARTHASARATHI   )
GHOSH, MELODY J. FORD, Dr. KEVIN  )
SMITH, and PAULETTE TIMM,       )
                                 )
          Defendants.     )

## CIVIL RIGHTS COMPLAINT

Plaintiff, Joe Hemphill, acting pro se, files his civil rights complaint against defendants' University of Illinois Medical Center, Dr. Allen Chernoff, Genesis Clinical Laboratory, Dr. Randall K. McGivney, Roger E. Walker Jr., Dr. Parthasarathi Ghosh, Melody J. Ford, Dr. Kevin Smith, and Paulette Timm (at times collectively referred to hereinafter as "Defendants"), allege the following:

I.

### JURISDICTION

Jurisdiction of this Court is invoked pursuant to Title 28 UCS §§1331 and 1343.  This is a suit in equity authorized and instituted pursuant to Title 42 USC §§1983 and 1997 of the Act known as the Civil

Rights Act of 1870, as amended by the Civil Rights Act of 1979 and the
Civil Rights Act of Institutionalized Persons Act, respectively.  The
jurisdiction of this court is invoked to secure the protection of and
redress deprivations of rights secured by Title 42 USC 1983 and 1997,
as well as rights protected by the Eighth and Fourteenth Amendments to
the United States Constitution prohibition against inadequate medical
care of prisoners in a State operated prison.


II.


## VENUE

Venue is proper pursuant to Title 28 USC §1391(b).


III.

## PARTIES

A.    Plaintiff, Joe Hemphill, is a citizen of the State of Illinois,
and currently incarcerated at the Stateville Correctional Center, P.O.
Box 112, Joliet, Illinois 60434, under Register Number N-80075.

B.    Defendant, University of Illinois Medical Center, is a State
operated Medical Research Hospital, located at 840 S. Wood Street,
Chicago Illinois 60612.

C.    Defendant, Doctor Allen Chernoff, is a physician at the University
of Illinois Medical Center, at 840 S. Wood Street, Chicago, Illinois
60612.

-2-

D.    Defendant, Genesis Clinical Laboratory, is a private clinical testing laboratory, and located at 3231 Euclid Avenue, Berwyn, Illinois 60402, who at all relevant times mentioned herein, was contracted by the State of Illinois to conduct laboratory tests upon blood and urine specimens of Stateville prisoners.

E.    Defendant, Doctor Randall K. McGivney, at all relevant times mentioned herein, was the Director of Genesis Clinical Laboratory, located at 3231 Euclid Avenue, Berwyn, Illinois 60402.

F.    Defendant, Roger E. Walker, Jr., at all relevant times mentioned herein, is the Director of the Illinois Department of Corrections, located at 1301 Concordia Court, P.O. Box 19277, Springfield, Illinois 62794-9277.  As Director, Roger E. Walker, Jr., is responsible for the promulgation of all rules and regulations governing the administration of the Illinois Department of Corrections (IDOC), including the conduct of prisoners and employees.  Among the operations which Defendant Roger E. Walker, Jr., oversee's include health care, environmental and vocational training, research, planning, audits, investigations, employee services and security.  His duties are defined at 730 ILCS 5/3-2-2 and 5/3-2-3 (West 2004).

G.    Defendant, Doctor Parthasarathi Ghosh, at all relevant times mentioned herein, is the Medical Director of the Illinois Department of Corrections, Stateville Correctional Center, located at 16300 S. Route 53, Cresthill, Illinois 60435.  His duties are to insure and provide adequate medical services to all prisoners confined at Stateville.

H.    Defendant, Melody J. Ford, at all relevant times mentioned herein,

was assigned as a member of the Administrative Review Board (ARB), to review appeals of grievances submitted to the Director of the IDOC for review.  Her office is located at 1301 Concordia Court, P.O. Box 19277, Springfield, Illinois 62794-9277.

I.    Defendant, Doctor Kevin Smith, at all relevant times mentioned herein,  a physician  employed at the Stateville Correctional Center, located at 16300 S. Route 53, Cresthill, Illinois 60435.  At some time during his employment at Stateville, Dr. Smith was an acting Medical Director at Stateville Correctional Center.

J.    Defendant, Paulette Timm, at all relevant times mentioned herein, was a Registered Nurse at Stateville Correctional Center, located at 16300 S. Route 53, Cresthill, Illinois 60435; and who was assigned to the "Nurse's Station" at Stateville's infirmary to monitor and provide medical treatment for prisoner patients admitted to the infirmary.

K.    All named defendants at all relevant times mentioned herein have acted under the color of state law, in that they are either employed by the State of Illinois, or have a contractual relationship with the State of Illinois to provide services to Stateville prisoners.

L.    All named defendants are sued in their individual and official capacities.

M.    This is a complaint for a declaratory judgmemt as to Plaintiff's rights, and for damages for the unlawful and unnecessary wanton inflict-of unwanton pain and suffering due to Defendants' acts and omissions.

-4-

N.    Plaintiff has no plain, sufficent, complete, or just remedy at
law to redress the wrongs alleged and this suit for declaratory relief,
and damages is the only means of securing complete and just relief.
Plaintiff is now suffering and will continue to suffer irreperable
injury from Defendants' actions, policy, practice, and custom as set
forth herein unless enjoined by this court.


COUNT I.

1.    In July 2003, Plaintiff, Joe Hemphill, a prisoner at the State-
ville Correctional Center, went the Health Care Unit at Stateville
complaining of blood in his urine.

2.    On July 22, 2003, Plaintiff submitted to a blood screening that
was ordered by Doctor Kevin Smith, a physician and former Medical
Director at Stateville Correctional Center.

3.    Doctor Kevin Smith ordered a Prostatic Specific AG ("PSA") Test
performed, and a blood sample was collected on July 22, 2003, at State-
ville's Health Care Unit.

4.    The blood sample was taken and sent to Defendant Genesis Clinical
Laboratory, who received Plaintiff's blood sample on July 22, 2003, for
the purpose of conducting a "PSA" test.

5.    Plaintiff heard nothing from Stateville's medical staff concerning
the blood collected on July 22, 2003, for the purpose of a "PSA" test,
and he continued to complain of blood in his urine.

6.    A second blood specimen was ordered on December 3, 2003, from Plaintiff for the purpose of conducting a "PSA" test.

7.    This second blood specimen was ordered by Doctor Lawrence Ngu, and Plaintiff gave a blood sample on December 3, 2003, for the purpose of a "PSA" test, and was sent to the Genesis Clinical Laboratory.

8.    On December 4, 2003, the Genesis Clinical Laboratory performed a "PSA" test upon Plaintiff's "second" blood specimen submitted, and returned those test results to Stateville's Health Care Unit on December 4, 2003.

9.    The second "PSA" test results revealed that Plaintiff's Prostatic Specific AG was 7.61, outside the normal reference range of 0.00 to 4.00.  See, (Plaintiff's Exhibit A, attached hereto and filed herewith.)

10.    Also, on December 4, 2003, the Genesis Clinical Laboratory reported its "PSA" test results performed on the first blood specimen taken from Plaintiff on July 22, 2003.  See, (Plaintiff's EXhibit B, attached hereto and filed herewith.)

11.    The blood collected on July 22, 2003, for the purpose of a "PSA" test showed that Plaintiff's Prostatic Specific AG was 5.08, outside the normal reference range of 0.00 to 4.00.  See, (Plaintiff's Exhibit B.)

12.    Ostensibly, the blood collected from Plaintiff on July 22, 2003, and received by Genesis Clinical Laboratory on July 22, 2003, did not undergo a "PSA" screening test by Genesis Clinical Laboratory until December 4, 2003.

13.   Genesis Clinical Laboratory after receiving Plaintiff's blood specimen on July 22, 2003, waited for over 4½ months to inform and report its "PSA" test results to Stateville's Health Care Unit.

14.   As a result of both "PSA" screening test performed on Plaintiff's 2 blood specimens, Plaintiff was taken to the University of Illinois Medical Center in Chicago, where biopsy's were taken of Plaintiff's prostate.

15.   Doctor Allen Chernoff, of the University of Illinois Medical Center, discussed Plaintiff's medical condition with him in January of 2004, and recommended a "radical prostatectomy", a complete surgical removal of Plaintiff's prostate.   See, (Plaintiff's Exhibit C, attached hereto and filed herewith.)

16.   Plaintiff underwent the surgical procedure to remove his prostate in early 2004, at the University of Illinois Medical Center.

17.   It is unknown to Plaintiff at this time of the names of the doctors who performed his surgery and removed his prostate.

18.   Plaintiff requested his medical records immediately after the surgery in February 2004, but never received his medical records.

19.   After having numerous severe complications from the surgery to remove Plaintiff's prostate in 2004, Plaintiff contacted the National Alliance Against Racist & Political Repression, Chicago Chapter for help.

20.   Plaintiff on March 29, 2007, authorized his medical records to be released to the National Alliance Against Racist & Political Repression

Organization, in Chicago.  A copy of the authorization to Release
Offender Medical Health Information is attached hereto and filed as
Plaintiff's Exhibit D.

21.   On September 7, 2007, the National Alliance Against Racist &
Political Repression, received Plaintiff's medical records.  See,
(Plaintiff's Exhibit E, attached hereto and filed herewith.)

22.   It was not until September 2007, that Plaintiff learned that the
Genesis Clinical Laboratory did not test or report the "PSA" test
results of Plaintiff's blood specimen they received on July 22, 2003,
to Stateville's Health Care Unit until 4½ months after receiving a
request from Doctor Kevin Smith, to perform a "PSA" test upon
Plaintiff's blood specimen.

23.   Defendant, Genesis Clinical Laboratory, along with Defendant,
Doctor Randall K. McGivney, the Director of the Genesis Clinical Labor-
atory, failed to report its "PSA" test findings on Plaintiff's July 22,
2003, blood specimen to Doctor Kevin Smith or the Stateville Health
Care Unit until 4½ months later after receiving Plaintiff's blood
specimen, and a specific request from Doctor Kevin Smith to perform a
"PSA" test.

24.   Defendant, Genesis Clinical Laboratory, along with Defendant,
Doctor Randall K. McGivney, the Director of Genesis Clinical Laboratory,
at all times relevant herein, negligently failed to perform an acceptable
standard of medical testing procedure; to wit, a Prostatic Specific AG
("PSA") test in a prompt and timely manner.

25.   Defendant, Genesis Clinical Laboratory, along with Defendant,

Doctor Randall K. McGivney, the Director of the Genesis Clinical Laboratory, negligently failed to report its "PSA" test results of Plaintiff's blood specimen submitted to it on July 22, 2003, for over 4½ months to the requesting physician, Doctor Kevin Smith.

26.    Defendant, Genesis Clinical Laboratory, and Defendant, Doctor Randall K. McGivney, Director of the Genesis Clinical Laboratory, at all relevant times herein, negligently failed to perform an acceptable standard of medical testing procedure, to wit, failed to promptly report its "PSA" test results of Plaintiff's blood specimen submitted to it on July 22, 2003, that revealed Plaintiff's "PSA" level of 5.08, to the requesting physician, Doctor Kevin Smith, or to Stateville's Health Care Unit until 4½ months after receiving Plaintiff's blood specimen and request for a "PSA" test done.

27.    Defendant, Genesis Clinical Laboratory, along with Defendant, Randall K. McGivney, Director of the Genesis Clinical Laboratory's negligent delay in reporting Plaintiff's "PSA" test results requested on July 22, 2003, was the proximate cause of Plaintiff having to undergo a radical prostatectomy.

28.    Defendant, Genesis Clinical Laboratory, along with Defendant, Randall K. McGivney, Director of the Genesis Clinical Laboratory's negligent delay in reporting Plaintiff's "PSA" test results requested on July 22, 2003, which was 5.08, caused Plaintiff to forego medical treatment of a serious medical condition.

29.    Defendant, Genesis Clinical Laboratory, along with Defendant, Randall K. McGivney, Director of the Genesis Clinical Laboratory

negligent delay in testing and/or delay in reporting Plaintiff's "PSA"
test results requested on July 22, 2003, caused Plaintiff's tumors to
rapidly increase and spread without treatment until 7 months later,
causing Plaintiff to undergo radical surgery for removal of Plaintiff's
prostate.

30.    Defendant, Genesis Clinical Laboratory, along with Defendant
Doctor Randall K. McGivney, Director of the Genesis Clinical
Laboratory, knew and/or should have known after performing a "PSA" test
upon Plaintiff's blood specimen on July 22, 2003, showed that Plaintiff's
"PSA" test level at 5.08, which was far above the recommended level of
0.00 to 4.00, and that a delay of 4½ months in reporting the "PSA" test
results to the requesting physician would amount to extreme negligence
and result in serious harm to Plaintiff, should the tumors increase and
reveal a higher probability for prostate cancer that cannot be treated.

31.    Defendant, Genesis Clinical Laboratory, along with Defendant,
Doctor Randall K. McGivney, the Director of the Genesis Clinical
Laboratory, actions described herein, if not the proximate cause of
Plaintiff's radical prostatectomy, their actions and inactions were a
major contributing cause of Plaintiff's radical prostatectomy.

32.    That as a direct and proximate result of Defendants' Genesis
Clinical Laboratory and Defendant Doctor Randall K. McGivney's actions
and inactions described herein, Plaintiff has suffered severe pain and
discomfort, emotional and mental anguish, stress, incontinence, and has
endured several subsequent surgery's all in violation of the Eighth and
Fourteenth Amendments to the United States Constitution.

33.    Defendant, Doctor Kevin Smith, at all relevant times mentioned
herein, failed in his duties as a physician and Medical Director of
the Stateville Health Care Unit, to properly monitor Plaintiff's
medical condition and negligently failed to follow-up on the "PSA" test
that he requested on July 22, 2003, for Joe Hemphill, that was not
returned to him and Stateville's Health Care Unit until December 4,
2003, 4½ months later.

34.    Defendant, Doctor Kevin Smith, at all relevant times mentioned
herein, displayed a deliberate indifference to Plaintiff's medical
needs by failing to properly monitor and follow-up on the "PSA" test
requested by him on Joe Hemphill's blood specimen submitted to Genesis
Clinical Laboratory on July 22, 2003, and which was not returned to him
or Stateville's Health Care Unit until December 4, 2003.

COUNT II.

35.    Plaintiff, Joe Hemphill, realleges and repeats paragraphs 1
through 34 of Count I herein, as though set forth in full and
pleaded verbatim herein of paragraph 35 of Count II hereof.

36.    On April 24, 2006, Plaintiff was admitted to the University of
Illinois Medical Center, and underwent surgery to correct bladder
incontinence, and reconstruction of the urinary bladder neck.

37.    Because of the removal of Plaintiff's prostate in early 2004,
Plaintiff has had to wear diapers on a daily basis because of bladder
incontinence.

-11-

38.    On April 24, 2006, University of Illinois Medical Center doctors performed surgery on Plaintiff, and reconstructed Joe Hemphill's bladder neck, and inserted a "man sling" around the bladder neck.

39.    The "man sling" inserted around the Plaintiff's bladder neck is a prosthetic device used to tighten the bladder neck and interrupt urine leakage from the bladder.

40.    Plaintiff was returned to Stateville Correctional Center on April 25, 2006, the day after his major surgery to reconstruct his bladder neck and install a urinary "man sling".

41.    After the surgery done on April 24, 2006, University of Illinois Medical Center doctors prescribed Plaintiff to take daily sitz baths, and that bacterium ointment be applied to the surgical area as needed. See, (Plaintiff's Exhibit F, attached hereto, and filed herewith.)

42.    None of the Stateville Health Care Unit staff looked at Joe Hemphill's surgical area until May 12, 2006, when Doctor Parthasarathi Ghosh after 18 days following the surgery, looked at Plaintiff's surgical area and prescribed bacterium ointment for Plaintiff's discomfort.  See, (Plaintiff's Group Exhibit G, [Medical Records], attached hereto and filed herewith as Plaintiff's Exhibit G, at p.21 of Medical Records.)

43.    Plaintiff was in severe pain and major discomfort from the drainage at the surgical area, and nothing was done to relieve the pain or discomfort.

-12-

44.    Doctor Ghosh saw Plaintiff approximately 3 times within a period of 37 days following the April 24, 2006, surgery.

45.    On May 31, 2006, Doctor Ghosh examined Plaintiff's surgical area and told Plaintiff that he was "badly infected" in the surgical area.

46.    Doctor Ghosh ordered Plaintiff to be taken back to the University of Illinois Medical Center on June 1, 2006.

47.    When Plaintiff arrived at the University of Illinois Medical Center on June 1, 2006, unknown doctors examined him and told him he needed immediate surgery to "clean up" the infection he had.

48.    Plaintiff underwent a second surgery on June 1, 2006, after his surgery on April 24, 2006, for reconstruction of the urinary bladder neck, and installation of a "man sling", due to an infection.

49.    During the surgery on June 1, 2006, the unknown doctors who performed the surgery at University of Illinois Medical Center, made a decision to "clean and salvage" the "man sling" around the bladder neck.  See, (Plaintiff's Exhibit G, at p.29.)

50.    The unknown doctors at University of Illinois Medical Center did not remove and replace the badly infected "man sling" around Plaintiff's bladder neck, but only "cleaned" and "salvaged" and reused the "man sling".

51.    After the June 1, 2006 surgery, Plaintiff was placed on 3 different antibiotics (intravenously), from June 1, 2006 to June 12, 2006, when Plaintiff was discharged from University of Illinois Medical

Center and returned to Stateville.

52.   Plaintiff filed a written grievance on July 25, 2006, concerning the discovery of his infection on May 31, 2006, that resulted in his having to undergo a second surgical operation to clean up the infection. A copy of Plaintiff's written grievance is attached hereto and filed herewith as Plaintiff's Exhibit H.

53.   The grievance was forwarded to Plaintiff's counselor, Karen Rabideau, on July 27, 2006, who found that the grievance could not be resolved at the counselor level, and forwarded the grievance to the Stateville Health Care Unit for resolution.   <u>See</u>, (Plaintiff's Exhibit H, attached hereto.)

54.   On September 25, 2006, Doctor Parthasarathi Ghosh wrote a memorandum to counselor Rabideau in response to Plaintiff's grievance. Doctor Ghosh's response stated the following:

> "Offender Hemphill was prescribed what was recommended at UIC, (sitz bath, and local antibiotic dressing).
>
> The infection was not healing because a foreign substance was placed as a part of the previous surgery.  Admission in UIC hospital failed to clean the local infection which resulted in removal of the foreign body."

A copy of Doctor Ghosh's memorandum is attached hereto and filed herewith as Plaintiff's Exhibit F.

55.   Counselor Karen Rabideau forwarded Plaintiff's grievance and Doctor Ghosh's response to Stateville's Grievance Officer for further review.

-14-

56.    Grievance Officer Tammy Garcia, found that she has no medical
expertise or authority to contradict Doctor Ghosh's recommendation/
diagnosis.   A copy of the Grievance Officer's Report is attached hereto
and filed herewith as Plaintiff's Exhibit I.

57.    Grievance Officer Tammy Garcia, exclusively relied upon the
memorandum written by Doctor Ghosh, and determined that Plaintiff's
grievance had been resolved.  See, (Plaintiff's Exhibit I.)

58.    On October 5, 2006, Warden Terry McCann concurred with the
Grievance Officer's Report and recommendation.   See, (Plaintiff's
Exhibit I.)

59.    On October 14, 2006, Plaintiff wrote his appeal of the Grievance
Officer's Report and Recommendation and warden's concurrence to Roger
E. Walker, Jr., the Director of the Illinois Department of Corrections,
concerning his grievance numbered "Stateville 1301", that concerned his
medical issues.   See, (Plaintiff's Exhibit J, attached hereto and filed
herewith as Exhibit J.)

60.    On October 18, 2006, the Illinois Department of Corrections,
Administrative Review Board (ARB), received Plaintiff's appeal that was
sent to Director Roger E. Walker Jr.

61.    The Administrative Review Board Member, Defendant Melody J. Ford,
made her finding on January 26, 2007, that Plaintiff's grievance was
not submitted in the time frame outlined by the Department of Correct-
ions Rule 504, and took no action on Plaintiff's appeal of his
grievance.   See, (Plaintiff's Exhibit K, attached hereto and filed
herewith.)

-15-

62.   Plaintiff avers that his grievance was not untimely, but timely filed as required by Department Rule 504.810(a).

63.   Melody J. Ford, the ARB Officer, found that Plaintiff's grievance was received by the counselor on July 27, 2006, and was received by Stateville's Grievance Officer on September 28, 2006, beyond the 60 days for filing grievances.  See, (Plaintiff's Exhibit K.)

64.   Plaintiff's grievance was timely filed when the Grievance Officer at Stateville found that she had to rely upon the memorandum of Doctor Ghosh, dated September 25, 2006, to make her findings on September 28, 2006.

65.   Defendant, Melody J. Ford, failed to properly calculate the time for filing Plaintiff's grievance, thus denying him due process of law that further denied him his First Amendment right under the United States Constitution to petition the government for redress of grievances, and to deny him administrative review of his medical grievance numbered Stateville 1301.

66.   Plaintiff learned of his infection on May 31, 2006, from Doctor Ghosh, which resulted in a second surgery to clean up the infection on June 1, 2006, and Plaintiff's grievance was filed concerning the infection and second surgery on July 27, 2006, to his counselor, within the 60 day time period after the discovery of his infection as outlined by 20 Illinois Administrative Code, Chapter I, Section 504, Subchapter e, Section 504.810(a) (Filing of Grievances).

67.   Melody J. Ford's actions described herein denied Plaintiff his
First Amendment right to petition the government for redress of
grievances concerning a medical issue involving State prison officials.

68.   Melody J. Ford's actions further described herein denied
Plaintiff his due process rights under the Fourteenth Amendment to the
United States Constitution.

69.   The actions described herein by University of Illinois Medical
Center was a contributing and/or proximate cause of Plaintiff's
infection, when he underwent major surgery to reconstruct the urinary
bladder neck and install a "man sling" around the bladder neck on April
24, 2006, and discharged Plaintiff from University of Illinois Medical
Center on April 25, 2006, the day after reconstructive bladder neck
surgery that resulted in Plaintiff becoming infected in the surgical
area.

70.   Defendant, University of Illinois Medical Center employees, were
grossly negligent in releasing Plaintiff from University of Illinois
Medical Center a day after major surgery to reconstruct Plaintiff's
bladder neck and install a "man sling", a foreign and prosthetic device
around Plaintiff's bladder neck, without properly monitoring Plaintiff
for signs and symptoms of infection from the surgery, before discharging
Plaintiff to Stateville's Health Care Unit with recommendations to
Plaintiff to take daily sitz baths and appy a bacterium ointment as
needed, which resulted in Plaintiff becoming infected and having to
undergo a second surgery to clean up the infection.

71.    University of Illinois Medical Center and its unknown doctors
were grossly negligent in failing to screen Plaintiff for post
operative  infections, and prematurely discharged Plaintiff to
Stateville for post operative care.

72.    University of Illinois Medical Center and its unknown doctors
knew and/or should have known that post operative screening for any
organism causing infections would have identified the presence of the
infection and prompted prophylactic administration of antibiotics,
thereby preventing a subsequent surgery to clean up the infection
around the bladder neck and "man sling".

73.    Doctor Ghosh and Nurse Paulette Timm, failed to give Plaintiff
the proper standard of medical care required by the Eighth Amendment to
the United States Constitution, when they allowed Plaintiff to:

    a)    take daily sitz baths unassisted by medical personnel;

    b)    apply the antibiotic ointment unassisted by medical
          personnel;

    c)    self care for his perineal wound on a daily basis after
          discharge from University of Illinois Medical Center.

74.    Defendants' Doctor Ghosh and Paulette Timm's actions and inactions
were evidence of deliberate indifference to a serious medical need that
resulted in a major infection to Plaintiff's surgical area, which
prompted an additional surgery to clean up the infection.

75.   The actions and inactions of Defendants' Doctor Ghosh and Paulette Timm caused Plaintiff severe pain and suffering along with emotional distress in violation of the Eighth Amendment to the United States Constitution.

COUNT III.

76.   Plaintiff, Joe Hemphill, realleges and repeats paragraphs 1 through 75 of Counts I - II herein, as though set forth in full and pleaded verbatim herein of paragraph 76 of Count III hereof.

77.   On April 24, 2006, Plaintiff underwent reconstructive bladder neck surgery at University of Illinois Medical Center.

78.   On April 25, 2006, Plaintiff noticed that his left wrist and forearm was swollen from the I.V. and told University of Illinois Medical Center doctors about it.

79.   University of Illinois Medical Center doctors told Plaintiff that there was nothing to worry about.

80.   On April 25, 2006, the I.V. was removed from Plaintiff's left wrist and forearm, and Plaintiff was discharged from University of Illinois Medical Center, and returned to Stateville.

81.   On May 4, 2006, Plaintiff again returned to University of Illinois Medical Center for post operative consultation with Doctor Allen Chernoff, concerning the surgery Plaintiff had on April 24, 2006. At this time, Plaintiff showed Doctor Chernoff his left wrist and forearm

-19-

and indicated that it was severely swollen.

82.  Doctor Chernoff told Plaintiff that everything is fine, and that the swelling would go away soon.

83.  On May 5, 2006, Plaintiff spoke to Doctor Parthasarathi Ghosh, nurse Cheryl Culen, and Mary Garb about the swelling of his left wrist and forearm.

84.  On May 9, 2006, Plaintiff was taken to Stateville's Emergency Room by Doctor Ghosh for exploratory treatment of his swollen left wrist and forearm.

85.  Doctor Ghosh examined Plaintiff's left wrist and forearm and determined that something was inside his left wrist.

86.  Doctor Ghosh made an incision in Plaintiff's left wrist to remove the foreign object, but was unsuccessful in removing the foreign object. See, (Plaintiff's Group Exhibit G, Medical Records, at p.18.)

87.  This surgical procedure lasted from 11:30 am until 12:15 pm on May 9, 2006, and three sutures were required to close the incision made by Doctor Ghosh.  See, (Plaintiff's Group Exhibit G, Medical Records, at p.18.)

88.  On May 10, 2006, Doctor Ghosh again attempted to remove the foreign object in Plaintiff's left wrist and forearm.

89.  Plaintiff was taken to Stateville's Emergency Room by Doctor Ghosh.  Doctor Ghosh made another incision in Plaintiff's left wrist and forearm.

90.    Doctor Ghosh made an opening into Plaintiff's vein after the vein was mobilized, and Doctor Ghosh put pressure on the foreign object to expel it from Plaintiff's vein.

91.    Four small dark fragments and a large fragment (1" long), were expelled from Plaintiff's vein.  See, (Plaintiff's Group Exhibit G, Medical Records, at p.19.)

92.    Doctor Ghosh noted in Plaintiff's medical records that the fragments were dark black in color, and that photographs were taken of Plaintiff and the foreign objects removed from his left wrist and forearm.  See, (Plaintiff's Group Exhibit G, Medical Records, at p.19.)

93.    Four color photographs were taken by Stateville Internal Affairs Officer of Plaintiff and his left wrist and forearm, and the foreign objects removed from Plaintiff's wrist.  See, (Plaintiff's Exhibits' L, M, N, and O, attached hereto and filed herewith.)

94.    Six sutures were required to close the surgical wound made by Doctor Ghosh to Plaintiff's left wrist and forearm.  See, (Plaintiff's Group Exhibit G, at p.19.)

95.    On June 21, 2006, Plaintiff filed a written grievance concerning University of Illinois Medical Center's negligent act of leaving part of an I.V. catheter in his left wrist and forearm.  See, (Plaintiff's Exhibit P, attached hereto and filed herewith.)

96.    Plaintiff's counselor, JM Parrish-Ortega, forwarded Plaintiff's grievance to Doctor Ghosh for review and a response.  See, (Plaintiff's Exhibit P.)

97.   On August 20, 2006, Doctor Ghosh responded to counselor Parrish-
Ortega's inquiry about Plaintiff's medical grievance.

98.   Doctor Ghosh's memorandum to counselor Parrish-Ortega stated:

> "The doctor in HCU evaluated the
> offenders (L) forearm. Exploration
> of the area did not reveal presence
> of foreign body in offenders (L)
> forearm.   Offender Hemphill had
> inflammation of veins from I.V.
> insertion at UIC.   HCU staff had
> already received proper treatment
> of inflamed veins."

See, (Plaintiff's Exhibit Q, attached hereto and filed herewith.)

99.   Plaintiff's grievance along with Doctor Ghosh's memorandum was
sent to Stateville's Grievance Officer for review.

100.  On October 19, 2006, Grievance Officer Amy Workman, determined
that Plaintiff's grievance had been previously addressed and answered
in grievance number 1301.   See, (Plaintiff's Exhibit R, attached hereto
and filed herewith.)

101.  On October 27, 2006, Plaintiff wrote an appeal to Director Roger
E. Walker, Jr., regarding Stateville's Grievance Officer's finding that
Plaintiff's grievance had already been addressed in grievance number
1301.   See, (Plaintiff's Group Exhibit S, attached hereto and filed
herewith.)

102.  Plaintiff's appeal to Roger E. Walker, Jr., was received by the
Office of Inmate Issues, on October 26, 2006, and returned to Plaintiff
with Roger E. Walker's concurrence in Stateville's Grievance Officer's
finding that the issues had already been addressed in grievance number

1301.  See, (Plaintiff's Group Exhibit S.)

103.  Because of Grievance Officer Amy Workman's response to Plaintiff's grievance, Plaintiff was denied his right to an impartial review of his grievance concerning his medical problems on the administrative level.

104.  Grievance Officer Amy Workman's erroneous findings to Plaintiff's grievance denied Plaintiff his First Amendment right to grieve a medical issue as authorized by Department Rule 504.

105.  Due to Amy Workman's erroneous response to Plaintiff's grievance, Plaintiff has exhausted his administrative remedies regarding his medical issue.

106.  Because Director Roger E. Walker, Jr., received Plaintiff's written appeal on October 26, 2006, and returned Plaintiff's appeal to him without addressing Plaintiff's claims, Plaintiff has completely exhausted his administrative remedies regarding this medical issue.

107.  Defendants' University of Illinois Medical Center, and Doctor Allen Chernoff, negligently failed to remove all of the I.V. catheter from Plaintiff's left wrist and forearm prior to discharging Plaintiff from University of Illinois Medical Center on April 25, 2006.

108.  Because of University of Illinois Medical Center and Doctor Allen Chernoff's failure to remove all of the I.V. catheter from Plaintiff's left wrist and forearm, Plaintiff suffered extreme pain and discomfort.

109.  Due to University of Illinois Medical Center, and Doctor Allen Chernoff's actions in failing to remove all of the I.V. catheter from Plaintiff's left wrist and forearm, Plaintiff underwent two surgical

procedures to remove the I.V. fragments from his left wrist and forearm.

110.  The two surgical procedure's performed by Doctor Ghosh to remove the I.V. catheter left in Plaintiff's left wrist and forearm were painful and left permanent scaring on Plaintiff's left wrist and forearm.

111.  Doctor Parthasarathi Ghosh's actions in responding to Plaintiff's grievance as requested by counselor JM Parrish-Ortega, by submitting a false and misleading written memorandum indicating that no foreign objects were taken from Plaintiff's left wrist and forearm, dated August 20, 2006, was intentional, deliberate, criminal, and designed to thwart Plaintiff's right to file a grievance as implemented by the Department of Corrections.

112.  Doctor Parthasarathi Ghosh's actions of intentionally submitting a false and misleading memorandum to counselor JM Parrish-Ortega's inquiry into Plaintiff's grievance concerning his medical issues was further designed to cover up University of Illinois Medical Center's gross negligence in failing to remove all of the I.V. catheter from Plaintiff's left wrist and forearm, and thwart Plaintiff's right to have his grievance decided fairly and impartially.

113.  Counselor JM Parrish-Ortega relied on Doctor Ghosh's memorandum and such memorandum was the sole basis to deny Plaintiff's grievance.

114.  Doctor Parthasarathi Ghosh's actions in responding to Plaintiff's grievance reflected his deliberate intent to cover up University of Illinois Medical Center's grossly negligent failure to remove all of the I.V. catheter from Plaintiff's left wrist and forearm.

115.   Doctor Parthasarathi Ghosh's actions in responding to Plaintiff's grievance through his written memorandum dated August 20, 2006, was with deliberate intent, deceit, and designed to cover up the two surgical operations performed by Doctor Ghosh on Plaintiff's left wrist and forearm, and the removal of 4 small dark fragments and a one inch long fragment from Plaintiff's left wrist and forearm.

116.   Defendant, Roger E. Walker Jr.'s, actions described herein, has denied Plaintiff his due process rights under the Fourteenth Amendment to the United States Constitution, and his administrative right to appeal a grievance decision adverse to him as authorized by 20 Illinois Administrative Code Chapter I, Section 504. Subchapter e, Section 504.810(a) (Filing of Grievances), when Roger E. Walker Jr., summarily concurred with Stateville Grievance Officer Amy Workman's grievance report that concluded that Plaintiff's grievance issues had already been addressed in Stateville Grievance #1301, which was inaccurate and the substance of Plaintiff's grievance was factually different from the issues contained in grievance #1301.

117.   Defendant, Roger E. Walker Jr.'s, actions described herein, was no more than a rubber stamp concurrence of Stateville Grievance Officer Amy Workman's denial of Plaintiff's grievance, without any further investigation into the facts of Plaintiff's grievance, which would have revealed that Plaintiff's grievance was factually different from the issues contained in Stateville Grievance #1301, has denied Plaintiff his due process rights under the Fourteenth Amendment to the United States Constitution, and his First Amendment right to petition the government for the redress of grievances.

COUNT IV.

118.  Plaintiff, Joe Hemphill, realleges and repeats paragraphs 1 through 117 of Counts 1 - III herein, as though set forth in full and pleaded verbatim herein of paragraph 118 of Count IV hereof.

119.  On June 1, 2006, Plaintiff, Joe Hemphill, underwent an additional surgery at University of Illinois Medical Center to treat his post operative infection that was discovered on May 31, 2006.

120.  Plaintiff's surgery consisted of "cleaning" and "salvaging" the man sling and treating the infection through antibiotics.  See, (Plaintiff's Group Exhibit G, [Medical Records], at pp.29-30.)

121.  On June 12, 2006, Plaintiff returned to Stateville from this surgery to clean up his infection.

122.  From June 12, 2006, when Plaintiff was discharged from University of Illinois Medical Center and returned back to Stateville, he was seen on a regular basis by Stateville Health Care officials.

123.  Plaintiff first complained to Stateville Health Care officials on July 1, 2006, that he thought the drainage from his surgical wound "smelled" and was greenish in color, by saving the pad that covered his wound and showing it to Health Care Officials.  See, (Plaintiff's Group Exhibit G, [Medical Records], at p.37).

124.  Paulette Timm, a Registered Nurse at Stateville monitored Plaintiff's wound and condition from July 7, 2006 through July 9, 2006, and noted that Plaintiff's "perineal wound" was slowly healing and

"large amounts" of a "pink-tinged tan" odor free drainage was present. See, (Plaintiff's Group Exhibit G [Medical Records], at p.40).

125.  On July 12, 2006, a wound culture was collected from Plaintiff's surgical area at Stateville by Stateville Health Care Officials and sent to University of Illinois Medical Center.  See, (Plaintiff's Group Exhibit G [Medical Records], at p.41.)

126.  On July 20, 2006, Plaintiff went back to University of Illinois Medical Center where doctors there inspected his perineal wound, and ordered a round of cultures and tests be conducted upon Plaintiff. See, (Plaintiff's Group Exhibit G [Medical Records], at p.45.)

127.  On July 21, 2006, Doctor Partasarathi Ghosh discussed the test results done on the culture taken from Plaintiff's perineal wound on July 12, 2006.

128.  Doctor Ghosh told Plaintiff that the culture taken from Plaintiff's perineal wound revealed that Plaintiff had a case of "Moderate Diphtheroids"; "Rare Pseudomonas Aeruginosa Variety 1"; and "Rare Pseudomonas Aeruginosa, Variety 2".  See, (Plaintiff's Exhibit T, attached hereto and filed herewith.)

129.  Doctor Ghosh told Plaintiff that he had spoken to University of Illinois Medical Center's Doctor Allen Chernoff, who informed Doctor Ghosh that Plaintiff's "man sling" was still infected and needed to be removed.  See, (Plaintiff's Group Exhibit G [Medical Records], at p.44.)

130.  Doctor Ghosh further informed Plaintiff that an additional surgery would be required to remove the infected "man sling".

131.  On July 31, 2006, Plaintiff was taken back to University of Illinois Medical Center for surgery to remove the infected "man sling" around the bladder neck.

132.  On August 1, 2006, Plaintiff underwent a third surgery to remove an "infected man sling" around his bladder neck at University of Illinois Medical Center.

133.  The "man sling" was known to University of Illinois Medical Center, and Doctor Allen Chernoff, to be infected, and was not removed by University of Illinois Medical Center doctors when they performed surgery on Plaintiff on June 1, 2006, to clean up the infection, but University of Illinois Medical Center doctors decided to "salvage" the infected man sling.

134.  University of Illinois Medical Center, and its unknown doctors who performed Plaintiff's surgery on June 1, 2006, knew and/or should have known that "salvaging" and "re-using" an infected "man sling" created a foreseeable risk of further infection to Plaintiff, that would result in additional surgery to Plaintiff.

135.  Plaintiff remained at University of Illinois Medical Center for 7 days following the surgery to remove the infected man sling, and was discharged to Stateville's Health Care Center on August 8, 2006.

136.  Following the surgery to remove the infected man sling, Plaintiff has endured severe pain and discomfort, and has had to wear diapers on

a daily basis since the removal of his prostate.

137.  On August 23, 2006, Plaintiff returned to University of Illinois Medical Center, for a doctor patient consultation with Doctor Allen Chernoff, who informed Plaintiff that he would have to undergo an additional surgery to correct Plaintiff's bladder incontinence left from the initial surgery done in 2004 that resulted in the removal of Plaintiff's prostate.

140.  On September 13, 2006, Plaintiff filed a written grievance to Stateville's Grievance Officer concerning his operation done on August 1, 2006, to remove an infected man sling, that should have been removed during the June 1, 2006, operation to clean up Plaintiff's first infection around the bladder neck and the man sling.  A copy of this grievance is attached hereto and filed herewith as Plaintiff's Exhibit U.)

141.  Plaintiff's counselor, Karen Rabideau, received Plaintiff's grievance on September 18, 2006, and indicated within the "Counselor's Response" portion of the grievance form that the "[g]rievance cannot be resolved at the counselor level; this counselor will forward it to HCU Administration/Dr. Ghosh to insure proper handling."  See, (Plaintiff's Exhibit U.)

142.  Doctor Ghosh has never responded to counselor Karen Rabideau's request regarding Plaintiff's grievance.

143.  Doctor Ghosh's action and inaction of not responding to Plaintiff's grievance has thwarted Plaintiff's First Amendment right to file a grievance.

-29-

144.   Doctor Ghosh's action and inaction of not responding to Plaintiff's grievance as requested by counselor Karen Rabideau, is intentional and done to cover up University of Illinois Medical Center's negligent act in failing to remove the man sling known to University of Illinois Medical Center to be "badly infected" on June 1, 2006; and a result of the grossly negligent acts of University of Illinois Medical Center, Plaintiff has had to endure a third surgery to remove the infected man sling in August 2006, thus causing Plaintiff severe, pain, and suffering in violation of the First, Eighth, and Fourteenth Amendments to the United States Constitution.

145.   Defendant, University of Illinois Medical Center, and Doctor Allen Chernoff, with deliberate intent and gross negligence failed to administer a reasonable level of medical care to Plaintiff when it intentionally refused to remove and/or replace a man sling known to be infected around Plaintiff's bladder neck on June 1, 2006.

146.   Defendant University of Illinois Medical Center, and Doctor Allen Chernoff, knew and/or should have known on June 1, 2006, that an attempt at "salvaging" and "re-using" a badly infected man sling around the bladder neck of Plaintiff, was a foreseeable risk that Plaintiff would again become infected, requiring additional surgery to remove the infected man sling, and clean up the infection.

147.   The surgery done on Plaintiff on August 1, 2006, was the proximate result of Defendant University of Illinois Medical Center, and Doctor Allen Chernoff and other unknown operating physicians ill-advised decision to "salvage" and "re-use" an infected man sling, causing

Plaintiff severe pain, discomfort, and mental and emotional distress.

## DAMAGES

### COUNT V.

148.   Plaintiff, Joe Hemphill, realleges and repeats the allegations of paragraphs 1 through 147 of Counts 1 through IV herein, as though set forth in full and pleaded verbatim herein of paragraph 148 of Count V hereof.

149.   Plaintiff seeks compensatory damages of One Million Dollars for the actions of Defendants' contained in Count I, herein.

150.   Plaintiff seeks punitive damages of Two Million Dollars for the actions of Defendants' contained in Count I, herein.

151.   Plaintiff seeks compensatory damages of One Million Dollars for the actions of Defendants' contained in Count II, herein.

152.   Plaintiff seeks punitive damages of Two Million Dollars for the actions of Defendants' contained in Count II, herein.

153.   Plaintiff seeks compensatory damages of One Million Dollars for the actions of Defendants' contained in Count III, herein.

154.   Plaintiff seeks punitive damages of Two Million Dollars for the actions of Defendants' contained in Count III, herein.

155.   Plaintiff seeks compensatory damages of One Million Dollars for the actions of Defendants' contained in Count IV, herein.

156.   Plaintiff seeks punitive damages of Two Million Dollars for the actions of Defendants' contained in Count IV, herein.

157.  Plaintiff seeks a Declaratory Judgment that the actions of Defendants' contained in Counts I through IV, have violated his civil rights inder federal law, as guaranteed by the First, Eighth, and Fourteenth Amendments to the United States Constitution; and any other relief that the court may deem just and equitable.

WHEREFORE, Plaintiff, Joe Hemphill, prays that this Honorable Court grants him the relief requested in Count V of this complaint.

Respectfully submitted,

Joe Hemphill
Register Number N-80075
Post Office Box 112
Joliet, Illinois 60434

-32-

# GENESIS
## Clinical Laboratory
STATEVILLE CORRECTIONAL
16300 S ROUTE 53
JOLIET          IL 60435

| PATIENT NAME | | PATIENT ID |
|---|---|---|
| 900 | | 3078855 |
| NGU, LAWRENCE | 11197 | 12/03/08 |
| | | 12/04/08 |
| ORDER STATUS | REP | LOCATION / ROOM |
| COMPLETE | RUN#:184903 | (R#?) |

| TEST | OUTSIDE RANGE | IN RANGE | UNITS | REFERENCE RANGE |
|---|---|---|---|---|
| PROSTATIC SPECIFIC AB (PSA) | | | | |
| PSA | 7.61  H | | NG/ML | 0.00  -4.00 |

TEST PERFORMED BY BAYER ADVIA
CENTAUR PSA METHOD

DOB NOT GIVEN

EX. "A"

(**END OF REPORT**)          RANDALL K. MCGIVNEY, D.O. FCAP, DIRECTOR

Ex. # 1          A

# GENESIS

*Clinical Laboratory*

STATEVILLE CORRECTIONAL
16300 S ROUTE 53
JOLIET          IL  60435  COMPLETE

BRITO, KEVIN B

| TEST | OUTSIDE RANGE ABNORMAL | WITHIN RANGE NORMAL | UNITS | REFERENCE RANGE |
|------|------|------|------|------|

COLLECTED: 07/22/03 13:30

PROSTATIC SPECIFIC AG (PSA)
PSA                        5.08  H

NG/ML                    0.00   -4.00

TEST PERFORMED BY BAYER ADVIA
CENTAUR PSA METHOD

NO DOB GIVEN

EX. "B"

***Original Report Sent To Referring Physician***
RANDALL K. MCGIVNEY, D.O. FCAP, DIRECTOR

(**END OF REPORT**)

Ex. # 2          B

*EX. C*

*N80075*



## Final Diagnosis

LYMPH NODE, LEFT PELVIC; DISSECTION: (SPECIMEN 1)
-Lymph nodes, 8, negative for metastatic tumor

LYMPH NODE, RIGHT PELVIC; DISSECTION: (SPECIMEN 2)
-Lymph nodes, 2, negative for metastatic tumor

PROSTATE; PROSTATECTOMY: (SPECIMEN 3)
-Moderately differentiated prostatic adenocarcinoma, Gleason's score 6(3+3), involving approximately
 15% of the specimen examined
-Tumor focally extends to the prostatic capsule (right posterior) and is less than 0.1 cm from the right
 posterior margin
-Perineural invasion focally present
-Seminal vesicle free of tumor
-T2c N0, MX

Dr. Chejfec concurs.

### PROSTATE CANCER STAGING SUMMARY

```
Histologic type............................Adenocarcinoma
Tumor grade................................Moderately differentiated
Gleason score..............................6(3+3)
Tumor amount (percent).....................15%
Tumor location
     (multifocal, solitary, bilateral)......Bilateral
Extracapsular extension (<mm,>3mm).........Negative
Margins:
     Apex..................................Free
     Bladder neck.........................Free
     Posterior (right, left)..............very close to right posterior
                                          margin (<0.1 cm)
     Anterior (right, left)...............Free
     Seminal vesicle (right, left)........Free
     Seminal vesicles (base)..............Free
Apex.......................................Involved
Other organs...............................N/A
Perineural Invasion:
     Within prostate gland................Present
     Outside prostate capsule.............Negative
Lymphovascular invasion....................Negative
Prostatic intraepithelial neoplasia........Present
Regional lymph nodes (metastasis/total)....0/10
Right external iliac & obturator...........N/A
Left external iliac & obturator............N/A
Maximum dimension..........................N/A
Extranodal extension.......................Absent
Ancillary studies..........................Not done
pTNM.......................................T2c, N0, MX
```

Completed By:Meihua Guo, MD

*Ex. C*

*N 80075*



(Electronically Signed)
Verified: 02/13/04
MG /SD

## Clinical Information

Clinical Diagnosis: Prostatic CA

Operation:   Radical prostatectomy

Clinical History:    Not provided

## Frozen Section Diagnosis

AFS1. RIGHT PELVIC LYMPH NODE; FROZEN SECTION:
- No evidence of tumor

AFS2. LEFT PELVIC LYMPH NODE; FROZEN SECTION:
- No evidence of tumor

Accessioned: 2:06 p.m.
    Reported: 2:15 p.m.

E. Weisenberg, M.D.

## Gross Description

Specimen 1, received fresh and labeled "left pelvic lymph node," consists of a fibrofatty tissue containing multiple lymph nodes measuring from 2.5 cm to 0.5 cm in greatest dimention. Some of the lymph nodes are submited for frozen section.   One of the nodes is bisected and touch preps are done. Cassette summary:
    FS1A - frozen section remnant of the lymph nodes
    FS1B - frozen section remnant of the nodes, bisected
    1C    - the other half of the FS1
    1D    - lymph nodes, bisected

Specimen 2, received fresh and labeled "right pelvic lymph node," consists of a fatty tissue containing two lymph nodes measuring 2.3 x 1.0 x 0.5 cm and 1.5 x 0.7 x 0.5 cm. The largest node is entirely submitted for frozen section. Touch preps are done on the smaller node.  Cassette summary:
    FS2A - remnant of the frozen section
    2B   - one bisected node

Specimen 3, received fresh and labeled "prostate,"  consists of a 42 gm, radical prostatectomy specimen measuring 5.5 cm from right to left, 3.5 cm from anterior to posterior and 4.0 cm from superior to inferior. The right seminal vesicle measures 3.5 x 1.5 x 1.0 cm and the left seminal vesicle measures 5.5 x 2.0 x 0.7 cm. The right side of the prostate is inked in black. The left side is inked green. The external surface of the prostate is smooth. Serial sections show a 0.9 cm nodule located centrally. There is also a 1.0 x 0.6 cm gray-yellow nodule in the right posterior lobe which appears to cross the midline. The lesion is 0.5 cm from the posterior margin. Sections are submitted as follows:
    3A-B    -    apical margin
    3C-E    -    bladder neck margin

*EX. C*

*N80075*



| | | |
|---|---|---|
| 3F | - | left prostate |
| 3G | - | right prostate |
| 3H-R | - | alternate sections of the prostate from inferior to superior in the following order, left anterior, left posterior, right posterior, right anterior, |
| | | |
| 3S | - | left prostate |
| 3T | - | right prostate |
| 3U | - | base of right seminal vesicle |
| 3V | - | base of left seminal vesicle |
| 3W | - | vas margin |
| 3X-Z | - | left seminal vesicle |
| 3AA-AC | - | right seminal vesicle |
| 3AB | - | right prostate |

MO/EW/MO/SW

MO/SW

## Microscopic Exam

All sections are examined. Histologic findings are summarized in Pathologic Diagnosis.

The attending pathologist whose signature appears on this report has reviewed the diagnostic slides and has edited the gross and/or microscopic portion of the report in rendering the final microscopic diagnosis.

Ex. # 3    C

*Ex, D*

ILLINOIS DEPARTMENT of CORRECTIONS

## Authorization for Release of Offender Medical Health Information

### This Authorization may not be used for mental health or substance abuse treatment information (use form DOC 0240)

The Department of Corrections will not condition treatment on this authorization. If authorizing disclosure to persons or organizations that are not health plans, covered health care providers or health care clearinghouses subject to federal health information privacy laws, they may further disclose the protected health information. However, genetic testing or HIV/AIDS information disclosed pursuant to this authorization may not be further disclosed except pursuant to authorization.

I hereby authorize_____ Stateville Correctional Center _____ to release the following information: (state
                                                      Facility
specific medical health information to be disclosed including date(s) or date range)

___

_____All medical records, including staff notes and medication administration records._____

___

☒ At Request of Offender and/or. _____ for review _____
                                                      Purpose of disclosure

from the records of _____ N80075 _____ Joe Hemphill _____
                                ID#                          Print Offender's Name

to: ☐ Self ☐ Authorized Attorney   ☐ Health Care Facility   ☒ Other: ___ Ted Pearson _____

Name: ____National Alliance Against Racist and Political Repression, Chicago _____
                                            Print Name

Address: __1325 S. Wabash Ave, Suite 105 _____
                                      Street Address

City ____Chicago_____ State ___IL_____ Zip Code ____60605_____

I hereby release and hold harmless, the State of Illinois, the Department of Corrections, and its employees from any liability which may occur as a result of the disclosure or dissemination of the records or information contained therein resulting from the access permitted to the authorized attorney, health care facility, other as specified, or self. Records disclosed may contain confidential medical information including HIV disease information. I understand that I have the right to revoke this authorization at any time prior to disclosure by giving written notice (witnessed by someone who knows my identity) to the prison Facility Privacy Officer.

**Expiration:** This authorization will expire (complete one):

☒     45 days from date of signature

☐     Upon the occurrence of the following event (must relate to the individual or purpose of the authorization):

___

Signature:

_Joe Hemphill_ _____     _____Self_____     _March 29, 2007_
Signature of Offender or Person Authorized to Consent          Relationship                Date

### Give Offender a copy if DOC made the request for release.

Distribution:   Offender's Medical File

*Printed on Recycled Paper*

DOC 0241 (Rev. 01/2005)

EX.    # 4    D

$Ex, E$



**National Alliance Against Racist & Political Repression/Chicago Branch**
1325 S. Wabash Ave. Suite 105, Chicago, Illinois 60605 (312) 939-2750
www.naarpr.org

**Steering Committee**

Clarice Durham
Ted Pearson
    *Co-Chairs*

Josephine Wyatt
    *Treasurer*
    *Finance Chair*

Elizabeth Benson
    *Membership*
    *Secretary*

Norman Roth
    *Labor Outreach*

Kevin Lindemann
    *Rec'g Secretary*

Gloria J. Johnson-Ester
    *At large*

Virginia Clements
    *At large*

September 10, 2007

Mr. Joe Hemphill, N80075
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, Il 60434

Dear Mr. Hemphill,

This is just a note to let you know that on September 7, 2007 we received copies of your medical records. We will review them and the letters and other materials you have sent to us as we evaluate the evidence regarding the health and medical care system in the Illinois Department of Corrections and the performance of its health care contract providers.

Please keep us informed regarding your care and your condition.

Thank you very much.

Yours, in struggle,

Ted Pearson

UNITY + STRUGGLE + ORGANIZATION = VICTORIES!

Ex. #15     E

**Illinois**
Department of
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Sr.
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 /
Telephone: (815) 727-3607
TDD: (800) 526-0844

**MEMORANDUM**

Date:      September 25, 2006

To:        Karen Rabideau,
           Counselor

From:      Partha Ghosh, MD
           Medical Director

Subject:   Medical Grievance for Hemphill, Joe N80075

Offender Hemphill was prescribed what was recommended at UIC, (sitz
bath, and local antibiotic dressing).
The infection was not healing because a foreign substance was placed as
a part of the previous surgery. Admissions in UIC hospital failed to
clean the local infection which resulted in removal of the foreign body.

PG:jrw

Cc:    Assistant Warden Programs
       Counselor Office
       Medical Records
       File

Ex. "F"

**RECEIVED**
OCT 18 2006

3 OF 19

EX. # 66 F

GROUP EX G

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Health Status Transfer Summary**

**Transferring Facility:**

Stateville Correctional Center

| Offender Information: | | |
|---|---|---|
| HEMPHILL | JOSEPH | IDR: N80075 |
| Last Name | First Name | MI |

Date: 1 / 11 / 06    Time: 1:40    ☐ a.m. ☑ p.m.

**Transfer Screening** (completed by transferring facility health care staff):

Allergies: NKA                          Food Handler Approved: YES

Current / Acute Conditions / Problems: ↲

Chronic Conditions / Problems: BLADDER INCONTINENCE

Current Medications (name, dosage, frequency, and duration):
  Acute Short-term:
  Chronic Long-term: IMIPRAMINE 25 mg BID
  Chronic Psychotropic: ↲

Current Treatments: ↲

Therapeutic Diets: ↲

Follow-Up Care: CUC

Chronic Clinics: GEN MED

Specialty Referrals: ↲

Significant Medical History: Hx HEAD INJURY 1987; Hx CHRONIC HEADACHE; Hx ____

Physical Disabilities / Limitations: ∅

Assistive Devices / Prosthetics: ∅                    ☐ Glasses  ☐ Dentures

Mental Health Issues: ☐ Hx Suicide Attempt: Date: ___ / ___ / ___   ☐ Hx Psych Med  ☐ Hx MPC / STC  Substance Abuse ____ ☐ Drugs

R & C Use Only:  ☐ LAB  ☐ EKG  ☐ CXR  ☐ Dental  ☐ MEDS  ☐ MH  ☐ Other: ____

INCARNATION

| Print Name and Title | Signature | 1 / 11 / 06 Date |
|---|---|---|

**Reception Screening** (completed by receiving facility health care staff):
                                                              ☐ a.m. ☐ p.m.
Facility: ____    Date: ___ / ___ / ___    Time: ____

**Subjective:**                              **Assessment:**
  Current Complaint: ____
  
  Current Medications/Treatment: ____

**Objective:**                              **Plan: Disposition:**
  Physical Appearance/Behavior: ____          ☐ Health Information Given    ☐ Emergency Referral ____
                                              ☐ Sick Call:  Urgent / Routine
                                                ☐ Medication Evaluation  ☐ Therapeutic Diet  ☐ Special Housing  ☐ Chronic Clinic
  Deformities: Acute/Chronic: ____              ☐ Work / Program Limitation  ☐ Specialty Referral  ☐ Other (specify) ____
                                              ☐ Infirmary Placement ____
  T: ___  P: ___  R: ___  B/P: ___ / ___      ☐ Other (specify): ____

| Printed Name and Title | Signature | ___ / ___ / ___ Date |
|---|---|---|

**For adult transition center transfers only:**

I understand that medical and dental care are my responsibility while I am housed in a transition center. I also understand that if I am in need of health care and/or cannot afford to pay for it, I may be transferred back into a facility within the Department that can provide my medical, mental health, or dental needs.

                                                              ☐ a.m. ☐ p.m.
| Offender's Signature | Date | Time |
|---|---|---|

Distribution: Offender's Medical Record; Transferring Facility

G-I

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Health Status Transfer Summary**

**Transferring Facility:**

Stateville Correctional Center

| Offender Information: | | | |
|---|---|---|---|
| HEMPHILL | JOSEPH | | ID#: N80025 |
| Last Name | First Name | MI | |

Date: 3, 8, 06    Time: 1:00    ☐ a.m. ☑ p.m.

**Transfer Screening** (completed by transferring facility health care staff):

Allergies: NKA                                    Food Handler Approved: YES

Current / Acute Conditions / Problems: _____

Chronic Conditions / Problems: BLADDER INCONTINENCE

Current Medications (name, dosage, frequency, and duration):

    Acute Short-term: Ø

    Chronic Long-term: Ø

    Chronic Psychotropic: Ø

Current Treatments: Ø

Therapeutic Diets: Ø

Follow-Up Care: RMC

Chronic Clinics: GEN. MEDICINE

Specialty Referrals: Ø

Significant Medical History: Hx LACERATION ⊕ FOREHEAD 1987   Hx OPTIC NEURITIS.
Hx PROSTATIC SURGERY 2004

Physical Disabilities / Limitations: Ø

Assistive Devices / Prosthetics: Ø                                    ☐ Glasses   ☐ Dentures

Mental Health Issues:  ☐ Hx Suicide Attempt: Date: ___/___/___   ☐ Hx Psych Med   ☐ Hx MPC / STC   Substance Abuse: ☐ Alcohol ☐ Drugs

| R & C Use Only: | ☐ LAB | ☐ EKG | ☐ CXR | ☐ Dental | ☐ MEDS | ☐ MH | ☐ Other: | ☐ |
|---|---|---|---|---|---|---|---|---|

L. CARNEICON
Print Name and Title                    Signature                    3, 8, 07
                                                                      Date

**Reception Screening** (completed by receiving facility health care staff):

Facility: _____   Date: ___/___/___   Time: _____ ☐ a.m. ☐ p.m.

Subjective:                              Assessment:

    Current Complaint: _____        _____

    Current Medications/Treatment: _____  _____

Objective:                               Plan: Disposition:

    Physical Appearance/Behavior: ____    ☐ Health Information Given   ☐ Emergency Referral _____
    _____                            ☐ Sick Call: Urgent / Routine
                                          ☐ Medication Evaluation  ☐ Therapeutic Diet  ☐ Special Housing  ☐ Chronic Clinic
    Deformities: Acute/Chronic: _____    ☐ Work / Program Limitation ☐ Specialty Referrals ☐ Other (specify) _____
                                          ☐ Infirmary Placement: _____
    T: ___ P: ___ R: ___ B/P: ___/___    ☐ Other (specify): _____

    Printed Name and Title                    Signature                    ___/___/___
                                                                           Date

**For adult transition center transfers only:**

I understand that medical and dental care are my responsibility while I am housed in a transition center. I also understand that if I am in need of health care and I cannot afford to pay for it, I may be transferred back into a facility within the Department that can provide my medical, mental health, or dental needs.

_____    _____    _____   ☐ a.m. ☐ p.m.
Offender's Signature        Date          Time

Distribution: Offender's Medical Record; Transferring Facility;          G - 24          DOC 0360 (Rev. 8/2002)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### Stateville Correctional _____ Center

**Offender Information:**

| Last Name | First Name | MI | ID# |
|-----------|------------|-----|-----|
| Henschell | Joe | | |

| Date/Time | Subjective, Objective, Assessment | |
|-----------|-----------------------------------|---|
| 4/25/2006 | — RN note — | |
| Approx 9⁰⁰ pm | Inmate Returns from OR. A&O x3, & ... | |
| | c/o Pain at a 7 on a 1-10 scale, Dr. ... | |
| | ... dressing ... from ... | |
| | ... nose & clear ... | |
| | ... Speech ... clear & coherent, ... | |
| | BP 138/80, P 80, R 20, T 99.0, ... | |
| | Complains at this time | |
| | — RN NOTE — | |
| 4-25-6 /10P | S/O) Urine draining clear, yellow | P) mon... |
| | into drainage ... | |
| | made. A&O x3. Pt in wheelchair | |
| | A) s/p surgery | |

Distribution: Offender's Medical Record



G - 3

Offender Information:

Hemphill, Joe                    ID#: B80075

| Date/Time | Subjective, Objective, Assessment | Plan |
|-----------|-----------------------------------|------|
| 4/26/06 R.N. Note | | |
| 5pm | S. "Thanks." | + "Co... |
| | O. Inmate moves slowly ... | |
| | when up and about. | |
| | Foley remains intact, | |
| | approx 700 cc in bag | |
| | of amber urine at this | |
| | time. # tyl #3 given | |
| | as ordered. 142/77 P-84 R-20 T=98⁴ | |
| | A. post-op bladder repair. | |

Printed on Recycled Paper



| DATE/TIME | PROBLEM # | S.O.A. | | PLANS |
|---|---|---|---|---|
| 4/20/06 | | PHYSICAL EXAMINATION | | VITAL SIGNS: |
| GENERAL: | | WNL | | T- 98 P- 54 BP- 142/72 RR- 20 |
| SKIN: | | normal | | |
| HEENT: | | WNL | | Admit in infirmary |
| CHEST/HEART/LUNGS: | | Chest - normal Heart - Normal S1 + S2. S30 S40 No murmurs | | Status Chronic Regular Diet. |
| ABDOMEN: | | Lung cl WNL | | Tylenol 3 T tab PO Q 6° PRN x 3 Day |
| GENITAL/RECTAL: | | Indwelling foley cath sutures left in perineal | | Colace 100 mg PO BID x 5 days |
| EXTREMITIES: | | normal | | Keflex 500 mg PO Q 6° x 10u |
| neuro: | | No neurological deficit | | Bacitracin Oint. Apply BID x 10 Days |
| PSYCH: | | | | |
| LABORATORY: | | | | PSA / U/A spec req. |
| ASSESSMENT: | | s/p Transurethral bladder neck repair | | UIC urology F/u. |
| PLANS: | | | | |
| | | | | P6u |
| | | | | Noted 4-20-06 Kennedy |

G+ 5

## MEDICAL PROGRESS NOTES

**Resident's Name** Hemphill Dava Joe

**Resident's Number** N 3 - 575

| DATE/TIME | PROB-LEM # | S.O.A. | | PLANS |
|---|---|---|---|---|
| 4/26/06 9-30 A | | **PHYSICIAN ADMISSION NOTE:** | | |
| | | **CHIEF COMPLAINT:** The offender was placed in the infirmary following discharge from UIC Hosp on | | |
| | | **HX OF PRESENT ILLNESS:** 4/26/6. He had transurethral reconstruction of bladder neck for incontinence after prostatectomy w/ early Dean | | |
| | | | | |
| | | **PAST MEDICAL Hx:** H/C prostate cancer S/P Radi Prostatectomy in 2004 | | |
| | | **REVIEW OF SYSTEMS:** Non Contributory | | |
| | | | | |
| | | **ALLERGIES:** NKA | | |
| | | **MEDICATIONS:** | | |
| | | G- | | |

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender Outpatient Progress Notes**
**Stateville Correctional        Center**

| Offender Information: | | |
|---|---|---|
| Hemphill (Last Name) | Joe (First Name) | ID#: N80075 |

| Date/Time | Subjective, Objective, Assessment -- | Plans |
|---|---|---|
| 4-26-06 / 110 | Skin: | P; Orientation to Unit. |
| | Cleanliness: ✓    Rashes: _____ | Instructions given: |
| | Blisters: _____   Lesions: _____ | |
| | Scars: _____   Wounds: _perineal (from surgery)_ | |
| | Describe: | |
| | | |
| | Color:* | |
| | Normal: ✓    Pale: _____ | |
| | Flushed: _____   Cyanotic: _____ | |
| | Mental Status:* | |
| | Alert: ✓   Semi-Conscious: _____ | |
| | Confused: _____   Unconscious: _____ | |
| | Mode of admission: _wheelchair_ | |
| | Speech and Communication: _Clear & coherent_ | |
| | | |
| | Deformities: | |
| | Other: | |
| | | |
| | A: Admitting Diagnosis: _Reconstruction of_ | |
| | _urinary bladder neck_ | |
| | | P. Timmen |

Distribution: Offender's Medical Record      * Check those items which apply      DOC 0084 (Eff. 9/2002)
** May be stated if unable to measure
*Printed on Recycled Paper*      (Replaces DC 7147)

Offender Information:

Hemphill _____ Joe _____ ID#: N50075

Last Name _____ First Name _____ MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | **INFIRMARY ADMISSION SHEET** | |
| 4/26/06 /11A | S: (Complaints): "Had surgery done" | |
| | Reason for Admission: Tx | |
| | Admitting Physician: Ghosh | |
| | O: D.O.B. | |
| | Age: _____ Wt: _____ Ht: _____ ** | |
| | T: 96° P: 88 R: 18 B/P: 124/75 | |
| | Allergies: NKA | |
| | Other Medical Conditions: | |
| | | |
| | | |
| | Current Medications: See MAR | |
| | | |
| | | |
| | | |
| | | |
| | Assistive Devices* | |
| Glasses: _____ Contact Lenses: _____ Artificial Eye: _____ Hearing Aid: | | |
| Dentures: _____ Artificial Limb: _____ | | |
| Paralysis: _____ Weakness: _____ | | |

Distribution: Offender's Medical Record   * Check those items which apply
                              ** May be stated if unable to measure
                              *Printed on Recycled Paper*

DOC 0084  (Eff. 9/2002)

**(Replaces DC 7147)**

Excel-Graphics/Forms/Med. Prog. Notes Form/Infirmary Admission Sh



G-

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

STATEVILLE NRC          Center

Offender Information:

Hemphill                    Joe                    ID#: ____0075
Last Name                   First Name        VII

| Date/Time | Subjective, Objective, Assessment | Phase |
|---|---|---|
| | — RN Narrative — | |
| 4-26-06 / 11ª | status Δ from a 23° to a full | |
| | Chronic Inf. admit. Labs reg. for 5/1/06. | |
| | Urine draining clear yellow per foleys | |
| | Seated in wheel chair. Tylenol #3 | |
| | Tab ii̅ po c̅ 9³⁰ Am for discomfort. Ate | E. Timmer |
| | lunch. | |
| | — RN NOTE — | |
| 4-28-06 / 7A →11ᴾ | s) "I put the treatment on my wound myself." l) monitor | |
| | o) Up in wheelchair. Urine draining | |
| | clear straw-yellow well. Refused | |
| | pain Rx c̅ 10³⁰ am. Compliant c̅ other meds. | |
| | Ate. chew | |
| | 9pm - Tylenol #3 Tab ii̅ po c̅ 9pm for | |
| | incisional discomfort | |
| | A) Bladder neck repair | P. Timmer |
| | | |
| | ✕ | |

DOC 0084 (Eff. 9/2002
(Replaces DC ___)

Printed on Recycled Paper

Q-9

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Infirmary Progress Notes

### Stateville Correctional Center

Offender Information:

HEMPHILL     JOE

Last Name     First Name     MI

| Date/Time | Subjective, Objective, Assessment | |
|---|---|---|
| | MD Not— | |
| 4-24-06 | S CLEAR NO BM For | Mag. citrate ( Brown) |
| 11:01 | S Mag. takes culace B4 | A— |
| | O Acct— | Dr—— |
| | ABROML— SWT — N | |
| | PRPRDRG MRSH RSL | |
| | A CONSTIPATION | |
| | — RN NOTE — | |
| 4-29-06 /20 | S/O) Urine draining clean straw- | P) monitor |
| | yellow well pour fading. Either in | |
| | bed or wheelchair — not seen walking | |
| | in cell. A&O x3. Ate lunch. Re- | |
| | fused pain pill. Mag citrate 240cc | |
| | po @ 2pm as ordered. Fluids en- | |
| | couraged | |
| | A) Bladder needs repair | A. Simmons |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Infirmary Progress Notes

### Stateville Correctional Center

Offender Information:

Hemphill     Joe     ID# 80075

Last Name    First Name    MI

| Date/Time | Subjective, Objective, Assessment | |
|---|---|---|
| 4-30-06/1P | — RN NOTE — <br> S/O) Urine draining clear straw yellow. <br> Up in wheelchair. Self care of <br> perineal wound c̄ Bacitracin. No <br> complaints. | P) more re... |
| | A) Bladder neck repair | E. Jammer |
| 5/1/6 <br> 1040 A | M.D. Note <br> S. ∅ complaint. <br> O- Continues to have <br> clear urine from <br> the indwelling Foleys <br> catheter. <br> A- S/P Man fling <br> operation in bladder <br> neck | ⊕ Tyle... <br> ⊕T⊕F <br> UTI c̄ ... <br> Apt pending <br> P. Chg |
| 5-1-6 /1Pm | — RN NOTE — <br> S/O) Urine draining clear straw yellow. <br> Up in wheelchair. Self care of <br> perineal wound c̄ Bacitracin. | P) monitor |
| | A) Bladder neck repair. | E. Jammer |

Distribution: Offender's Medical Record

B-11

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Infirmary Progress Notes

### Stateville Correctional Center

Offender Information:

Hemphil          Joe          ID# 80-75
Last Name        First Name       MI

| Date/Time | Subjective, Objective, Assessment | Plan |
|-----------|-----------------------------------|------|
| 5/2/6 10-15A | M.D. note | citrus of Mag. |
| | S· c/o constipation. | 240 ml po |
| | O/A 3/P bladder | now. |
| | with surgery | |
| | (Man Sling) | U/C Urology F/u on 5/3/06 |
| | | |
| | | P6½ |
| | | new ___ |
| 5/3/06 | RN note | |
| | S I have not used the Bathroom P ___ | |
| | in 6 days. | to alert staff |
| | O- I/m states the above. | when ø bm in |
| | ø citrus of Mag given | 2 days |
| | — RN NOTE — | |
| 5-3-06/11A | S/O) Urine draining clear, straw yellow. | ___ |
| | Self care of perineal wound leg in | P) monitor |
| | wheelchair. No complaints. | |
| | A) bladder needs repair | P. Zimmer RN |

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Health Status Transfer Summary**

**Transferring Facility:**

Stateville Correctional Center

Offender Information:
HEMPHILL     JOSEPH     ID#: N80075
Last Name     First Name     MI

Date: 5 / 3 / 06     Time: 230     ☐ a.m. ☑ p.m.

**Transfer Screening** (completed by transferring facility health care staff):

Allergies: NKD

Current / Acute Conditions / Problems:

Chronic Conditions / Problems: URINARY INCONTINENCE

Current Medications (name, change, frequency, and duration):
Acute Short-term: COLACE 100 mg po BID → 5/9/6 ; TYLENOL #3 1-3 tabs Q12° PRN → 5/9/06

Chronic Long-term:

Chronic Psychotropic:

Current Treatments: FOLEY CATHETER TO DRAIN URINE (INDWELL ing)

Therapeutic Diet:

Follow-Up Care: R HC

Chronic Clinics:

Specialty Referrals: UROLOGY

Significant Medical History: Hx HEAD INJURY 1987, Hx CHRONIC HEADACHE ; Hx SP
4-26-06 RECONSTRUCTION OF BLADDER NECK FOR INCONTINENCE post procedure visit

Physical Disabilities / Limitations:

Assistive Devices / Prosthetics:     ☐ Glasses  ☐ Dentures

Mental Health Issues: ☐ Hx Suicide Attempt Date: / /    ☐ Hx Psych Med  ☐ Hx MPC / STC  Substance Abuse

R & C Use Only: ☐ LAB  ☐ EKG  ☐ CXR  ☐ Dental  ☐ MEDS  ☐ MH  ☐ Other:

P. Timm RN          Signature          5/3/16
Print Name and Title          Date

**Reception Screening** (completed by receiving facility health care staff):

Facility:     Date: / /     Time:     ☐ a.m. ☐ p.m.

Subjective:
Current Complaint:

Current Medications/Treatment:

Assessment:

Objective:
Physical Appearance/Behavior:

Deformities: Acute/Chronic:

T: ___ P: ___ R: ___ B/P: ___

Plan: Disposition:
☐ Health Information Given    ☐ Emergency Referral:
☐ Sick Call: Urgent / Routine
☐ Medication Evaluation  ☐ Therapeutic Diet  ☐ Special Housing  ☐ Chronic Clinics
☐ Work / Program Limitation  ☐ Specialty Referral  ☐ Other (specify)
☐ Infirmary Placement
☐ Other (specify):

Print Name and Title          Signature          Date

**For adult transition center transfers only:**
I understand that medical and dental care are my responsibility while I am housed in a transition center. I also understand that if I am in need of health care and I cannot afford to pay for it, I may be transferred back into a facility within the Department that can provide my medical, mental health, or dental needs.     ☐ a.m. ☐ p.m.

Offender's Signature          Date          Time

Distribution: Offender's Medical Record; Transferring Facility;     Q-13     DOC

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Infirmary Progress Notes

### Stateville Correctional Center

**Offender Information:**

Hemphil          Joss

Last Name          First Name          MI          ID#:

| Date/Time | Subjective, Objective, Assessment | Phy |
|---|---|---|
| 5/4/6 10-10A | M.D. Note  Offender on medical furlough to UIC GU clinic | PG |
| 5/4/2006 | —— RN NOTE —— | Headache |
| 8:30 pm | S) " Man they took that cast today "  O) inmate to HCU via wheel chair, A+C×3, B50B, Meds Pam into Tylenol 325mg  ↑ pain, no other complaints at this time  A) S/P Tmt B | |
| 5/6 6-35P | M D note  The offender came back from medical furlough. Foley's catheter was D/C. voiding well.  A - S/P Man. sling surgery at bladder neck | D/C Tylenol PSA on 5/10/06  D/C wheelchair  D/C  PG |

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Infirmary Progress Notes**

**Stateville Correctional Center**

Offender Information:

Last Name: Hemphill    First Name: _____    MI: _____    ID#: 80076

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | — RN NOTE — | |
| 5/5/6/12p | S/O) S/R voiding c̄ no urine loss, but has urgency. Wheel chair removed from cell. A&Ox3. Labs rep. 5/10/6. Compliant c̄ meds. | P) monitor |
| | A) Man sling of bladder neck | P. Timman |
| | — RN NOTE — | |
| 5/5/6/1pm | S/O) I/m again sitting in wheelchair in cell. Per Dr. Ghosh at 1pm: Remove wheelchair from cell. Wheelchair removed. | P) monitor |
| | A) Man sling of bladder neck | P. Timman |
| 5/8/6 10-10A | M.D. note | Discharge the |
| | S- offered no complaint | /M |
| | O/A STP bladder neck surgery Man sling operation. | F/u c̄ UIC urology. |
| | | RSA to be done on 5/10/6 |
| | 5-9-6 noted Hammon RN | Cultures 100 mg T c̄ BID x 600 |

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Infirmary Progress Notes**

### Stateville Correctional Center

**Offender Information:**

Hemphill _____ _____ MI _____ ID#: _____

| Date/Time | Subjective, Objective, Assessment | Ph. |
|---|---|---|
| 5/8/6 / 11³⁰ | —— RN Narrative —— Status unchanged since last assessment. Seen by Dr. Ghosh & Inf. discharge noted. Labs req 5/10/6. Compliant ē meds. Ambulation from Inf ē security escort pending. | |

**State of Illinois – Department of Corrections**

| | Facility:  **Stateville** |
|---|---|
| | **Correctional Center** |

## MEDICAL SUMMARY

Resident's Name: _Hemphill, Joe_     Resident's Number: _N800 75_

Age: _67_    Birthdate: _7-17-39_    Sex: _m_    Race: _B800 75_

Date Hospitalized: _4-26-06_    Date Discharged: _5-3-6_

Active Problems/Diagnosis: _The offender had TURP for_
_prostate carcinoma. He had be_
_c PSA regularly. He had_
_with bording urinary_

Subjective/Objective (Brief History): _incontinence unrespon_
_to medication. He under_
_went bladder neck surgery_
_↳ Man sling operation._
_Indwelling Foley;_
_cath was D/C the_
_well later. He was_
_voiding without_
_difficulty._

Operations:

Laboratory and X-ray Data:

Complications:

Assessment and Prognosis: _S/P Bladder neck_
_surgery_

Plan:

Medications: _Colace 100 mg PO BID_
_x 60 days_

Treatment: _PSA on 5/10/6_

Follow-Up:

_next at_
_5-8-6_
_M_____

RESULT:    ( ✓ ) Recovered    ( ) Improved    ( ) Not Improved    ( ) Not Treated

_5/8/6_                      _PGly_                      **MD**
Date

DC7104-14
9-78

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

<u>Stateville Correctional</u>    Center

| Offender Information: | | |
|---|---|---|
| Hemphill | Joe | ID: N800 75 |
| Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | P ... |
|---|---|---|
| 5/9/6 12-1p | N.D. note | X ray of (L) hand A/P/L/o wrist |
| | S. The offender said that part of the angio-cath. might have been left behind in his (L) ~~~~ wrist (back) at the time of discharge from Left Hospital | Daily ~~~~ of (L) ~~~~ Remove ~~~~ on 5-16-6. |
| | O. On ~~~~ palpation 2" long cord felt in the back of (L) wrist + lower forearm. | note 5/9 ~~~~ |
| | ~~~~ incision ~~~~ made to ~~~~ extract the angio cath. were ~~~~ in ER wound were sutured to suture needed to close the incision. | |
| | A - 2 FB in (L) forearm + wrist ~~~~ ?. Thrombosis of vein. | P6↓ |

ILLINOIS DEPARTMENT OF CORRECTIONS

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC-0284 (Eff. 8/2002) (Replaces DC 7147)

G-18

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### Stateville Correctional Center

Offender Information:

Last Name: Hemphill   First Name: Joe   MI: ____   IDt: N30075

| Date/Time | Subjective, Objective, Assessment | Plan |
|---|---|---|
| 5/10/6 | uD note | Keep (L) arm elevated |
| 1130 A | The offenders (L) forearm wrist was reexplored. | Daily dressing Dry x Tdy |
| | After local anesthesia the incision was extended. | Keflex 500mg x Q6°, 3d |
| | The vein was mobilized c ligation placed in the Distal end. A small opening in the vein was made. Pressure was put from above to expell the content of the vein. | Motrin 800mg PO x 7 day |
| | 4 small dark fragments + large fragment (1 long) | Remove sutures on 5/13/6 |
| | was expelled from the vein. These fragments were friable + gray black in color. Photographs were taken. The surgical wound was close c six sutures + dressing was applied | Noted J Segall CMT 5-10-06 PGU |
| | | |

Distribution: Offender's Medical Record

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### Stateville Correctional Center

Offender Information:

Hemphill          Joe          № 120075

| Date/Time | Subjective, Objective, Assessment | Plan |
|---|---|---|
| 5/11/06 5Am | R. m. note. | P.) on E-tr. |
| | S. none | as ordered |
| | O. Inmate observed | |
| | sleeping in bed. Dsg | |
| | on (L) wrist has old | |
| | drainage on it. Ø active | |
| | bleeding. | |
| | A. removal of foreign body. | Seagall |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Distribution: Offender's Medical Record

Printed on Recycled Paper

G-20

(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### Stateville Correctional Center

Offender Information:

Hemphill _____ Joe _____ M ___   ID#: N80075

| Date/Time | staff# | Subjective, Objective, Assessment | Plan | staff/Title/C |
|---|---|---|---|---|
| 5/13 | | M.D. Notes | | H |
| 10-40p | | S - 40 burning sensation in perianal skin c̄ Discharge | Sitz bath ḅ̄ıd then dry and | |
| | | O - Surgical wound 1" long not close yet. the wound is not deep no ~~blood~~ is pus but sero Discharge | Apply ~~~~ May have when ~~~~ cell check ~~~~ wound in 5/15 | |
| | | | Noted 5/12/06 R. ___ | P64 |

DOC 0084 (Eff. 9/2002)
(Replaces DC7147)

Printed on Recycled Paper

G-21

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**Stateville Correctional Center**

Offender Information:

Hemphill                    Jan

Last Name          First Name          MI

| Date/Time | Subjective, Objective, Assessment | |
|---|---|---|
| | ——— RN NOTE ——— | |
| 5/12/06/8P | s(o) Sitz bath, dry area & apply | P) monitor |
| | Bacitracin bentment & put on | |
| | diaper. — all self done. AM & PM. Xray | |
| | disg ∅ to l. wrist by K. Grost | |
| | RN. Wheel chair issued @ 2pm. | |
| | A) s/p man sling; l. wrist wound | |
| 5-13-06/8P | ——— RN NOTE ——— | P) monitor |
| | s) "the wrist dressing gets wet when | |
| | I take a sitz bath " | |
| | a) Dry sterile desg ∅ l. wrist — | |
| | 3 blank put were trouble. Wound | |
| | re-pttin stripped ē 3 tapes, covered | |
| | ē 2.lg Bandaids & Transparent film | |
| | Sitz bath, dry area & apply | |
| | Bacitracin bentment & put on | |
| | diaper — all self done c 10pm. | |
| | A) s/p man sling; l. wrist wound | P. Jemma |

Printed on Recycled Paper

(Replaces DC 7147)

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Outpatient Progress Notes

### Stateville Correctional Center

Offender Information:

| Last Name | First Name | MI | # |
|---|---|---|---|
| Hemphill | Josee | | N8007)- |

| Date/Time | Subjective, Objective, Assessment | | |
|---|---|---|---|
| 5/13/200_ | — RN note — | | |
| Approx 9:15 pm | S) "Man its Hurts Real bad My Pain is about a 12" | © Med. | Procedures |
| | O) inmate sitting on Chair, Grimaces, | | |
| | Pain in perineal area. He Rates at a | | — |
| | 12 on a 1-10 scale, Dr Ghosh notified | | |
| | Per Dr Ghosh Tyc #3 1 Stat PO + | | |
| | To Be followed up By MD in AM | | |
| | A) Pain | | |
| 5/14/06. | MD note | | P. 1. Tylenol #3 ___ |
| 8:45 AM | S. Pt c H/o bladder neck | | q 8 prn × 48 hr. |
| | surg S/P TURP c/o | | 2 - Cont. prev. ___ |
| | surg. Scar pain c drainage | | 3. UO/I F/u ___ |
| | O. BP 120×3 VI & 18.1 80/14. | | |
| | CV1/Chr - rrr. Abd - soft, BS + | | |
| | perineal incision site healing c serous//sero(sang) | | |
| | drainage. c ___ tenderness. | | |
| | A. 1. S/P Bladder neck surgery | | |
| | slow post op healing process | | |

G-23

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### Stateville Correctional Center

Offender Information:

Hemphill　　　Joe

Last Name　　　First Name　　MI

| Date/Time | Subjective, Objective, Assessment | |
|---|---|---|
| | — RN NOTE — | |
| 5-14-06/11ᴬ | s/o) Tylenol #3 TAB II po 9ᵃᵐ as P) monitor | |
| | ordered — within 5' of administration, | |
| | I/m in wheelchair in hallway, | |
| | laughing & talking c̄ no distress | |
| | noted. Dry sterile dsg ā. l. wrist | |
| | — wound edges approximated & closed | |
| | today — re steri-strips c̄ 3 | |
| | tapes, covered c̄ 2 lg. Bandaids, | |
| | & transparent film. Sitz bath, | |
| | dry area, apply Bactroban ointment | |
| | & put on diaper — all self done | |
| | by I/m @ 10³⁰ am. | |
| | A) s/p arm sling; l. wrist wound | R. Timmmm |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 9/2002
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### Stateville Correctional Center

Offender Information:

Last Name: Hemohill   First Name: Joseph   ID#: _____

| Date/Time | Subjective, Objective, Assessment | Pl_____ |
|---|---|---|
| 5/15/2006 | — RN NOTE — | Pl____ a___ |
| Approx 6AM | S) "I'm ok Thanks" | |
| | O) inmate up in wheel chair, A&O x3, | |
| | NAD, & SOB, T&C&3 Taken @ 6AM c̄ | |
| | good results, No Complaints at This | |
| | Time | |
| | A) MEDSURG | J____ R_ |
| | | |
| 5/15/6 | M.D. Note | Citrus of Mag |
| 9-45A | S - C/O constipation | 240 ___ |
| | threw up this AM | ___ |
| | O - Abdomen soft | Silvadine |
| | No gasing / no | cream apply |
| | tenderness Bowel sounds | TID after |
| | serous Discharge from | sitz ___ ___ |
| | perineal wound | the perineal |
| | | wound x ___ |
| | A =/P bladder neck surg. | D/c, B___ |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

Stateville Correctional_____ Center

Offender Information:

Hemphill                    Joseph                    ID#: N _____

Last Name          First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plan |
|---|---|---|
| 19 AM | MD Note | |
| | S. S/M feels better c silvadene cream. | Tylenol #3 + s/o # 9/20 Pr a 30 m |
| | 07A    S/P Bladder melisurgury (Mass removed operation) | _____ MD |
| | | P64 |
| 5/20/06 9:30A | RN Note | P: CPM |
| | S: "Can I have my pain meds?" | |
| | O: Tylenol #3 tabs given for pain. Inmate does self-care of perineal wound after sitz bath. Inmate using inhabitant to move around | |
| | A: Pain | _____ RN |

ILLINOIS DEPARTMENT OF CORRECTIONS

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

G-26

**Offender Information:**

| Hemphill | Joe | | # N80075 |
|---|---|---|---|
| Last Name | First Name | MI | |

| Date/Time | + Car note : Subjective, Objective, Assessment | | |
|---|---|---|---|
| 5/22/06 2:45am | Vital Sgs : T- 96.9F; P- , BP 126/74; C-2 | | |
| | | | |
| | | | |
| | | | |
| 6/1/6 10:45A | MD. note | | |
| | offender on medical W8il to u/c. c to c/o clinic for evaluation Dr. Churnoft called from u/c suggesting the i/m to be admitted for infected Sling. | | P6 W/ |
| | | | |
| | | | |

DOC 0094 (Eff. 9/2002)
(Replaces DC 7147)

Printed on Recycled Paper



ev.

RAVISON
U 01/08/89                    DOB  1-11-1939
1063 - GREG

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

Facility: STATEVILLE
Correctional Center

REQUEST FOR CONSULTATION - REPORT OF CONSULTATION

N8007

Inmate's Name: Hemphill Joe                    Inmate's Number:

UIC Urology Cen P/u in 3 weeks  4/1/0.

Consult Requested By: PG WOOD   Date: 5/5/0

Reason for Consult: List Problem:
S/P bladder neck surgery
MAN SLING.

_ Evaluation
_ Management                                   PGY

Report of Consultant (Use Reverse Side if Necessary)

FINDINGS:

ASSESSMENT:

RECOMMENDATIONS/PLANS:

DATE: _____              (SIGNATURE OF CONSULTANT)

FOR CORRECTIONAL CENTER MEDICAL DIRECTOR ONLY:

_ I have reviewed the recommendations contained in this report and approve them.

_ I have reviewed the recommendations and disapprove or choose to revise them for the follow

___ was hosp advise?
form claim for discharge

DATE: _6/19/0___                   PGY
                                   Medical Director

6-28

STATE OF ILLINOIS · DEPARTMENT OF CORRECTIONS

## MEDICAL PROGRESS NOTES

Resident's Name: _Hemphil Joe_  Resident's Number: _N 80075_

| DATE/TIME | PROB-LEM # | S.O.A. | PLANS |
|---|---|---|---|
| 6/13/6 10:00A | | PHYSICIAN ADMISSION NOTE: | |
| | | CHIEF COMPLAINT: The offender had been having surg. for bleeding neck | |
| | | HX OF PRESENT ILLNESS: for post prosta-tectomy incon-tinence, He had post surg. infections. He had repeat surgery however the sling around bladder neck was salvaged. He received (IV) antibiotics & discharged to statesville on | |
| | | PAST MEDICAL Hx: | |
| | | REVIEW OF SYSTEMS: 6/12/6 h/o prostate carcinoma | |
| | | ALLERGIES: NLLA | |
| | | MEDICATIONS: | |

G-29

| DATE/ TIME | PROB-LEM # | S.O.A. | PLANS |
|---|---|---|---|
| 6/13/ | | PHYSICAL EXAMINATION | VITAL SIGNS: |
| | | GENERAL: WNL | T-    P-    BP-    RR- |
| | | SKIN: Normal | |
| | | HEENT: WNL | Admit in infirmary |
| | | CHEST/HEART/LUNGS: Heart S1 S2 | Status Check |
| | | S3 0 S4 0 murmurs Lungs - clear | sig Baker follow up by |
| | | ABDOMEN: WNL | WZT to day |
| | | | exices |
| | | GENITAL/RECTAL: Bandage in perineal area. | PO |
| | | | Colace 100 |
| | | EXTREMITIES: WNL | |
| | | neuro: No neurological deficit | |
| | | PSYCH: | |
| | | LABORATORY: | |
| | | ASSESSMENT: s/p Bladder neck exploration for post surg. | |
| | | PLANS: infection | P6W |
| | | | Total E. |

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender Outpatient Progress Notes
### Stateville Correctional    Center

**Offender Information:**

Last Name: Hemphill    First Name: Joe    ID#: B 80075

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 4/13/06 12:00 Noon | Skin: | P: Orientation to |
| | Cleanliness: Ø    Rashes: Ø | Instructions given |
| | Blisters: Ø    Lesions: Ø | |
| | Scars: Ø    Wounds: Ø | |
| | Describe: | |
| | Color:* | |
| | Normal: √    Pale: ____ | |
| | Flushed: ____    Cyanotic: ____ | |
| | Mental Status:* | |
| | Alert: √    Semi-Conscious: ____ | |
| | Confused: ____    Unconscious: ____ | |
| | Mode of admission: | |
| | Speech and Communication: | |
| | Deformities: | |
| | Other: | |
| | A: Admitting Diagnosis: S/P (Infection) | |
| | | [signature] RN |

Distribution: Offender's Medical Record    * Check those items which apply    DOC
** May be blank if unable to measure
Printed on Recycled Paper

# ILLINOIS DEPARTMENT OF CORRECTIONS
## Offender Outpatient Progress Notes
### Stateville Correctional Center

**Offender Information:**

| Last Name | First Name | MI | ID#: N80075 |
|---|---|---|---|
| Hemphell | Joe | | |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 6/13/06 T 2:00 | **INFIRMARY ADMISSION SHEET** | |
| | S: (Complaints): S/P ingestion | |
| | Reason for Admission: S/P Infection | |
| | Admitting Physician: Dr Ghosh | |
| | O: D.O.B: 7/17/39 | |
| | Age: 64  Wt: 208  Ht: 6'0" | |
| | T: ___  P: ___  R: ___  B/P: ___ | |
| | Allergies: NKA | |
| | Other Medical Conditions: | |
| | Current Medications: Levaquin 500mg q AM   Colace 100mg ii tab q AM | |
| | Assistive Devices* | |
| | Glasses: ✓  Contact Lenses: Ø  Artificial Eye: Ø  Hearing Aid: | |
| | Dentures: Ø  Artificial Limb: Ø | |
| | Paralysis: Ø  Weakness: Ø | (signature) RN |

Distribution: Offender's Medical Record    * Check these items which apply
** May be stated if unable to measure
Printed on Recycled Paper

DOC 0039P (Rev. 9/2002)

(Replaces DC 7147)

G-32

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### Stateville Correctional Center

Offender Information:

Hemphill                    Joe                    ___    ID#: N80075
Last Name                   First Name             MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 4/18/6 8P | I/M returned from UIC | |
| 1410 PM | medical furlough. Dr.Ghosh | |
| | notified. W→D okay done | |
| | per I/M request. P.Snyder | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Printed on Recycled Paper

DOC 0094 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

STATEVILLE NRC_____ Center

Offender Information:

*Hemphill*    *Jae*    Mi    *N 80075*

| Date/Time | Subjective, Objective, Assessment | |
|---|---|---|
| 6-20-06/8a | -RN NOTE- | |
| | S) "Taking my Sitz bath" | A) moo~ |
| | O) NS/WTD dressing D to clean, slowly | |
| | healing perineal wound post Sitz | |
| | bath | |
| | A) perineal wound | |
| 6/21/06 | RN Note | |
| | S- How's it look? | |
| | O- Perineal wound packed, Then w→D | |
| | ...wound healing slowly. | |
| | A- Perineal wound | |
| 6/22/6 | MD. note | Sitz bath |
| | The offender had | followed by |
| | surgery on bladder | Dressing B.I |
| | neck followed by | until better |
| | re exploration for | |
| | infection His perineal | |
| | wound is healing | |
| | slowly. | |

# Offender Outpatient Progress Notes

## STATEVILLE NRC _____ Center

| Offender Information: |
|---|
| Last Name: **Hemphill**   First Name: **Joe**   ID#: **N80075** |

| Date/Time | Subjective, Objective, Assessment | Plan |
|---|---|---|
| 6-24-06 /1:30 | — RN NOTE — <br> S) "Took my Sitz bath" <br> O) NS/WTD dressing Δ to perineal area following Sitz bath. Wound is clean & granulating in — slowly. Up. A&O x3. <br> A) Perineal wound | P) r.m... |
| 6-25-06 / 7A 11A | — RN NOTE — <br> S/O) N/S WTD dressing Δ to perineal clean wound past Sitz bath c̄ 10A & 6Pm. S/R appetite good. Compliant c̄ meds. Up. A&O x3. <br> A) Perineal wound | P) monitor |
| 6/26/06 12:45 PM | S/O) CHANGE WTD DRESSING TO PERINEAL AREA AFTER AUTO BATH. WOUND 1" LONG & 1/2 DEEP, NO DRAINAGE OF NON ODOR, SKIN W&D x3 COMPLIANT c̄ MEDS ... <br> A) PERINEAL WOUND | P) MONITOR <br> B... |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002) <br> (Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**STATEVILLE NRC** _____ Center

Offender Information:

Hemphill _____ Joe _____ IDOC: N80075

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 6-29-06/8A | — RN NOTE — <br> S/O) N/S WTD dressing Δ to clean, <br> slowly healing perineal wound <br> past Sitz bath c Lypime. A&Ox3. <br> leg 4d BIL. appears no complaints <br> A) perineal wound | P) monitor <br><br> P.Teamman |
| 6/30/6 | MD - note | |
| 11-15A | S- 27m feels fine <br> ⊙/A S/P bladder neck <br> surgery. Perineal <br> wound clean & <br> healing slowly | Cont. Sitz bath <br> BID. & follow <br> by WTD dressor <br><br> #6 Ty |
| | RN note | |
| 6/30/6 <br> 12Pm | Wound remains slightly smaller, but <br> no Δ in appear. W→O BID. completed <br> M.Glenton | |

Offender Outpatient Progress Notes

## STATEVILLE NRC Center

| Offender Information: |
|---|
| HEMPHILL (Last Name)  JOE (First Name)  (MI)  ID#: N80075 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/1/06 7AM - 11PM | RN NOTE  S - I saved this pad so you could see the drainage. I think it smell too. I want more antibiotics.  O - I'm showing MD pad c greenish odorless drainage. Cavity approx 1/2" deep. Area D&G A L→D completed. B/W I'm reviews focused on ant ET & color of drainage.  A- Hx Prostate ca. | P K— ___ |
| 7.2.06. 9:00/A | S. Pt c/o ___ ___  just surgical change & from ___ check ___  O ___  ___ change on dressing.  5 odor ___ of IE changes.  A 1. S/P Prostatectomy c revision ___ during ___ period/wound ___ | 1. Will ___  L → L c ___ check c Med. Schedule ___ |

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002) (Replaces DC 117)



ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

STATEVILLE NRC        Center

Offender Information:

Hemphill _____ The. _____ ID#: N 80075
Last Name            First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/4/06 7A/9° | — RN NOTE — <br> S) "Don't understand why my wound is getting smaller & the drainage is getting larger" <br> O) WTD/NS dressing Δ to perineal wound (slowly healing) past Sitz Bath @ 12p & 7p — lg. amt. tan drainage s/R — no odor. <br> A) perineal wound | P) monitor <br><br><br><br><br> P. Simmons RN |
| 7-5-06 7A/11° | — RN NOTE — <br> S/O) NS/WTD dressing Δ to perineal wound (slowly healing) past Sitz bath @ 11A & 6p. S/R lg. amt odor-free tan drainage. Up. <br> A) perineal wound | P) monitor <br><br><br> P. Simmons RN |

DOC 0084 (Eff. 9/2002)<br>(Replaces DC 7117)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

STATEVILLE NRC _____ Center

Offender Information:

_Hemphill_     _Joe_     _MI_     _B86075_
Last Name       First Name

| Date/Time | Subjective, Objective, Assessment | |
|---|---|---|
| 7-6-06 | Pt. states that wound has more | P. |
| | exudates c̄ ↑ discomfort. | bio burden |
| | This patient presents c̄ a surgical | |
| | wound to his peri area. Slight | |
| | periwound maceration noted. | |
| | Exudates is green in color no | |
| | mal. odor ā this time. Wound | |
| | has granulation across the | |
| | base. Wound is deeper. | |
| | This is due to an increase in | |
| | bio burden. I would recommend | |
| | a bacitracin dressing or ABT. | |
| 7-6-6 11-55A | M.D. Note | |
| | | Levaquin 500 |
| | | P O Q am |
| | | x 3 days |

**STATEVILLE NRC** _____ Center

Offender Information:

Last Name: _Hemphill_    First Name: _John_    Vi ___    D#: _N 180075_

| Date/Time | Subjective, Objective, Assessment | Plan |
|-----------|-----------------------------------|------|
| | — RN NOTE — | |
| 7-7-06 / 7p | S) "Still have some drainage". | P) monitor |
| | O) NS/WTD dressing Δ to slowly | |
| | healing, clean perineal wound | |
| | post Sitz bath. | |
| | A) Perineal wound | P. Teman |
| 7-8-06 / 7A 11p | — RN NOTE — | |
| | S) "The drainage is a large amt". | P) monitor |
| | O) N/s WTD dressing Δ to clean, | |
| | slowly healing perineal wound @ | |
| | 11A + 8pm. Lg amt pink + tinged tan | |
| | drainage. | |
| | A) Perineal wound | P. Teman |
| 7-9-6 / 9³⁰pm | — RN NOTE — | |
| | S/O) NS/WTD dressing Δ to clean, slowly | P) monitor |
| | healing perineal wound. @ 12p & 9³⁰pm - | |
| | Lg amt. pink - tinged tan odor free drainage. | |
| | A) Perineal wound | P. Teman |
| | | |
| | | |

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

Printed on Recycled Paper



Case 1:07-cv-07225   Document 1   Filed 12/26/2007   Page 96 of 115

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

_____ STATEVILLE NRC _____ Center

Offender Information:

Hemphill

ID/# N80075

| Date/Time | Subjective, Objective, Assessment | |
|---|---|---|
| 7/10/06 1:30 pm | S) How are you man. | P.) |
| | O) N/s WTD Dressing Δ to clean, | |
| | Slowly Healing clean perineal wound | |
| | Past Sitz Bath | |
| | A.) Perineal wound. | |
| 7/12/6 11-40 am | M.D. note S - Tannish discharge from the perineal wound | Culture of wound taken |
| | O - Perineal wound 1"-4" edisol | |
| 7/12/6 11-42 Am | RN note Culture collected and sent to labs. W→D to Perineal wound Area Complete F/m concerned about tan colorless drainage | |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)



_____ STATEVILLE NRC _____ Center

**Offender Information:**

Last Name: Hemphill  First Name: Joe  ID#: N80075

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/12/6 10-25A | M.D. Note The offender has persistent perianal surg. wound following to surgery in bladder neck | stop packing the wound to weting dressing Donut seat cushions req. Wound culture sent 7/12/6 7-13-06 noted Pherman RN P64 |
| 7-17-06 12:10Am | CM̄T NOTE S lm OK O pt is Ax Ox3 no sign of distress 125/75 SP96 P81 A Perineal Wound RN NOTE | P Cont to monitor |
| 7-17-06/1P | S/o) NS/WTO dressing Δ to almost closed perineal wound past Sitz Bath — small amt thin drainage  a) Perineal wound | P) monit Zimmerman |

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

_____ STATEVILLE NRC _____ Center

Offender Information:

Hemphill          Joe          ID#: N 80075

| Date/Time | Subjective, Objective, Assessment | Plan |
|---|---|---|
| | — RN NOTE — | |
| 7-18-06 | S) "Still have drainage" | P) monitor |
| | O) NS/WTD dressing Ⓓ self applied | |
| | past sitz bath at 1⊘ + 2⊘ c̄ noot. | |
| | c̄ the drainage phenom to the G tube | |
| | Up Awaiting arrival of accnt past | |
| | Ostohim. Wound almost closed. | |
| | A) Perineal Wound | E. Timmen |
| 7/19/6 9:30A | M.D N.J | UIC G.H. |
| | S: c/o yellowish green | |
| | O) A S/P Bladder neck | |
| | surgery c persistant | |
| | surgical wound | |
| | wound almost healed | |
| | c̄ | |
| 7-19-6/2:30P | — RN NOTE — | |
| | S/O) NS/WTD dressing Ⓓ to perineal | P) monitor |
| | area after Sitz Bath — self | |
| | dressed | |
| | A) Perineal wound. | E. Timmen |

Distribution: Offender's Medical Record

DOC-0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

STATEVILLE NRC          Center

Offender Information:

Hemphill          Joe          ID#: N8067

Last Name          First Name

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 7/20/06 6am | R.N. Note S. none O. inmate left on Medical unit c security. Inmate in fair spirits A: Unit | P. cont tx. upon return. [signature] Josepht |
| 7/21/6 10:20A | M.D. Note Discussed the medical ~~psychology results with~~ the patient. Dx: infected perineum ~~non sling needing~~ removed sling ~~Stop~~ Wound culture on 7/12/6 - pseudo aurog sensitive to Levaquin IM completed Levaquin 7/14/6 | Pre-op CBC PT PTT - EKG 5→ 7/24/6 U/A Chest x-ray ABC Removal of Sling at ABC c counsel requested Levaquin 560 m PO QAm x 2wks [signature] |

Noted
7-21-06
Reynoc~~

DAVISON
JT 01/06/99
7105 - Forms B

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

> Facility Stateville
> Correctional Center

7/5

7-17-39

**REQUEST FOR CONSULTATION — REPORT OF CONSULTATION**

Inmate's Name _Hampshire fee_    Inmate's Number _N 3075_

_celc urology F/n_

Consult Requested By: _? GHEUH_   Date: _6/13/6_ **URGENT** ( ) YES ( ) No

Reason for Consult: (List Problem) _SLP Maintaining operatm_
_in blastm neck_
_re s/P re explosatm due_
_c infects_
_F/U_     _P6U_

( ) Evaluation
( ) Management

Report of Consultant (Use Reverse Side if Necessary)

**FINDINGS:**

- INFECTED PERINEUM / MACE SCINL

- PUS noter anx 0/c'eA

**ASSESSMENT:**

ORDER ☐CBC ☐BMP ☐EKG ☐CXR
PREOP

**RECOMMENDATIONS/PLANS:** REMOVE JC SCINE

CALL BETH
712 - 996 - 7029

Date: _7-20-6_           M.D. PVR

(Signature of Consultant)    PRJV

**FOR CORRECTIONAL CENTER MEDICAL DIRECTOR ONLY:**

☑ I have reviewed the recommendations contained in this report and approve them.

☐ I have reviewed the recommendations and disapprove or choose to revise them for the following reason.

Date: _7/21/6_

P6U

(Signature of Medical Director)

DC 7199-A1 (Rev. 01/99)

G-45

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### STATEVILLE NRC _____ Center

Offender Information:

| Hemphill | Joe | | ID#: A18002J |
| Last Name | First Name | MI | |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/21/06 | S) I'm aware. Not in any pain | |
| | O) NS w/ A Dressing A _____ | |
| | Perineal area ___ Sitz Bath | |
| | _____ | |
| | _____ | |
| | _____ | |
| | Out _____ | |
| 7/22/06 8:00 pm | RN Note | P: CPM |
| | S: "I need more 4x4's & abd pads" | |
| | O: _____ applied | |
| | to peri wound. ___ packing | |
| | needed. Wound approx 1 cm | |
| | in length. ___ odor. | |
| | A: Peri Wound | Evelyn Kurz RN |
| 7/22/06 LATE ENTRY | — RN NOTE — S/O) I/M self dresses perineal wound past sitz bath. Compliant ē meds | P) monitor |
| | A) perineal wound. | P. Zimmer |

Distribution: Offender's Medical Record



DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender Outpatient Progress Notes

STATEVILLE ~~~~~ Center

| Offender Information: | | | |
|---|---|---|---|
| Hemphill | Joe | MI | ID#: N 80075 |
| Last Name | First Name | | |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/23/06 / 7A / 11A | RN NOTE <br> S/O) I/m self dresses perineal <br> wound ₹ NS/WTD dressings. <br> Sp. compliant ₹ meds. A & O x3 <br> A) perineal wound | P) monitor <br> P-5 |
| 7/24/6 <br> 9-20A | MD. nos <br> The offender scheduled <br> for surgery (reexploration <br> of pelvic node & <br> removal of screw <br> causing chronic <br> non healing wound. <br> in the perineum <br> Ro. Balge NOTE)) | Surgery <br> scheduled <br> on 7/31/6 <br> NPO after <br> MD 7/30/6 <br> P6W |



ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

STATEVILLE NRC    Center

Offender Information:

Hemphill    Joe    N30075

| Date/Time | Subjective, Objective, Assessment | Plan |
|---|---|---|
| 7.27.6 | M.D. Note | |
| 10-30A | The offender with persistent perianal wound following Bladder neck surgery (insertion of sling) He is scheduled to have the sling removed at UIC on 7/31/6 | NPO after MN on 7/5-/6 surgery on 7/5/6 at UIC |
| 7-31-6 / 10A | — RN NOTE — I/M on writ to UIC. | P. C_____ |
| 8/1/6 12-30P | MD note The offender is hospitalized at UIC for surgery. | Discharge this I/M Readmit on return. |
| | | noted 8/1-6 (Hammon) |

DOC 0384 (Eff. 9/2002)
(Replaces DC 7147)

**STATEVILLE NRC**    Center

Offender Information:

_Hemphill_ (Last Name)    _Joe_ (First Name)    VII    ID#: _N 80075_

| Date/Time | Subjective, Objective, Assessment | F.  s |
|-----------|-----------------------------------|-------|
| 3-1-06/20 | — RN Narrative — Discharged to UIC, & to be readmitted to Inf. on return. | P. Zimmer |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## State of Illinois – Department of Corrections

Facility: **Stateville Correctional Center**

### MEDICAL SUMMARY

Resident's Name: _Hemphill, Joe_    Resident's Number: _N 80075_

Age: _66_    Birthdate: _7-17-39_    Sex: _m_    Race: _Blk_

Date Hospitalized: _4/13/06_    Date Discharged: _8-1-06_

Active Problem/Diagnosis: _The _____ went to _____ for admission _____ bladder _____ surgery ( removal of of ___ ___)_

Subjective/Objective (Brief History):

Operations: _Removal of infected man sling_

Laboratory and X-ray Data:

Complications:

Assessment and Prognosis: _of Infection of Man sling_

Plan:

Medications: _Discharge from Inf___ Admit to infir___ return._

Treatment:

Follow-Up:

---

RESULT:    ( ) Recovered    (✓) Improved    ( ) Not Improved    ( ) Not Treated

_P64_

_8/1/6_

Date    MD

DC7104-14
9-78

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

**STATEVILLE NRC** _____ Center

Offender Information:

Hemphill _____ Joe _____ ID#: N80075
Last Name        First Name        MI

| Date/Time | Subjective. Objective. Assessment | Plan: |
|-----------|-----------------------------------|-------|
| 8/8/2006 | — RN NOTE — | P) cont ~~care~~ |
| Approx 9:20pm | Inmate Returns from UIC Medical Furlough | |
| B/P 142/82 | A+O X 3, No C/O S/S. Ambulating To Infirmary | |
| P 90 | Dr. Ghosh Notified. Admit to Infirmary | |
| R 18 | 23° will be followed on Am | ~~illegible~~ |
| 8/9/06 | RN NOTE: S/O C/O ache faucets | P) cont to ~~observe~~ |
| 0100 | distended. A+O X 3 SVO Color And per tongue. Resp 18 full easy. B/P 128/76 P 92 T 98.7. up + about cell during Am. Sleep. consumed Am meal | |
| | A: 23° medical observation — | C/O |



| DATE/ TIME | PROB- LEM # | S.O.A. | | PLANS |
|---|---|---|---|---|
| 3/1/6 10:55A | | PHYSICAL EXAMINATION | | VITAL SIGNS: |
| GENERAL: | | N= abnormality | | T-   P-70   BP-142/82   RR- 18 |
| SKIN: | | WNL | | Admit in infirmary |
| HEENT: | | WNL | | Reg. Diet (Colostomy) |
| CHEST/HEART/LUNGS: | | Heart normal | | Kaflex 500 mg |
| | | sounds no murmur | | PO Q6 x 7 D. |
| | | lungs clear | | Levaquin 500 mg |
| ABDOMEN: | | WNL | | PO Q am x 10 D. |
| GENITAL/RECTAL: | | open deep perineal | | Tylenol #3 |
| | | wound (surgical | | T to TT PO Q 6 prn |
| | | wound) | | x 3 Day |
| EXTREMITIES: | | WNL | | Colace 100 mg |
| | | | | PO BID x 3m |
| neuro: | | No neurological | | Daily shower |
| | | deficit | | Sitz Bath BID |
| | | | | x 2 M |
| PSYCH: | | | | D Wet to dry |
| LABORATORY: | | | | Dressing c |
| ASSESSMENT: | | S/P bladder neck | | iodoform pack |
| | | surgery | | BID after |
| | | | | sitz bath |
| PLANS: | | | | cc urology F/ |
| | | | | |
| | | | | |
| | | | | noted 5-9-06 Brunner |

G-52

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender Outpatient Progress Notes
### Stateville Correctional    Center

**Offender Information:**

Last Name: _Hemphill_    First Name: _Joe_    ID#: _N80075_    MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | **INFIRMARY ADMISSION SHEET** | |
| 8-4-6 /12p | S: (Complaints): "They that the sling hut" | |
| | | |
| | Reason for Admission: _Tx_ | |
| | Admitting Physician: _Ghaleb_ | |
| | O: D.O.B. _7-17-39_ | |
| | Age: _67_  Wt: _____  Ht: _____ ** | |
| | T: _____  P: _____  R: _____  B/P: _____ | |
| | Allergies: _NKA_ | |
| | Other Medical Conditions: _Incontinence_ | |
| | | |
| | | |
| | Current Medications: _See MAR_ | |
| | | |
| | | |
| | | |
| | | |
| | Assistive Devices* | |
| Glasses: _____  Contact Lenses: _____  Artificial Eye: _____  Hearing Aid: | |
| Dentures: _____  Artificial Limb: _____ | |
| Paralysis: _____  Weakness: _____ | |

Distribution: Offender's Medical Record    * Check those items which apply    DOC 0084  (Eff. 9/2002)
** May be stated if unable to measure
*Printed on Recycled Paper*    (Replaces DC 7147)

B-53

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender Outpatient Progress Notes
### Stateville Correctional    Center

Offender Information:

Last Name: *Hemphill*    First Name: *Joe*    ID#: *N 80075*

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 6-9-6 | Skin: | P; Orientation given |
| | Cleanliness: ✓    Rashes: _____ | Instructions given |
| | Blisters: _____    Lesions: _____ | |
| | Scars: _____    Wounds: *3 cm deep perineal wound* | |
| | Describe: | |
| | | |
| | Color:* | |
| | Normal: ✓    Pale: _____ | |
| | Flushed: _____    Cyanotic: _____ | |
| | Mental Status:* | |
| | Alert: ✓    Semi-Conscious: _____ | |
| | Confused: _____    Unconscious: _____ | |
| | Mode of admission: *ambulatory* | |
| | Speech and Communication: *clear & coherent* | |
| | | |
| | Deformities: | |
| | Other: | |
| | | |
| | A: Admitting Diagnosis: *s/p bladder neck* | |
| | *surgery* | |
| | | |

Distribution: Offender's Medical Record    * Check those items which apply    DOC 0084 (Eff. 9/2002)
** May be stated if unable to measure
*Printed on Recycled Paper*    (Replaces DC 7147)



G-54

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

STATEVILLE N~~RC~~ _____ Center

Offender Information:

Last Name: Hemphill   First Name: Joe   MI:   ID#: B80075

| Date/Time | Subjective, Objective, Assessment | |
|---|---|---|
| | — RN Narration — | |
| 8-9-6/12P | Status change from 23° to a full | |
| | Chronic Inf. admit. Up. | P. ~~____~~ |
| 8-10-6 / 7A/11P | — RN NOTE — | |
| | S/o) Iodoform packing change & | C) ~~_____~~ |
| | WTD dsg to clean, healing ~~_____~~ | |
| | wound pkt Sitz bath @ 12p & 8p. | ~~_____~~ |
| | Tylenal #3 TAB ī̄ p̄ō C 8pm for | |
| | wound discomfort. Up. | |
| | A) Incontinence. | F ~~_____~~ |
| | | |
| 8/10/6 | MD n̄t̄ | Cont ~~_____~~ |
| 10-30A | S - I̅m̅ c/o incontinence | sit ~~_____~~ |
| | O - Perineal wound | Sitz Bath |
| | clean healing | B.D. |
| | A - s/p removal | ~~_____~~ |
| | of man sting' | |
| | from bladder | notif ᴅ ~~_____~~ |
| | u/c | |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

STATEVILLE ~~NRC~~ _____ Center

Offender Information:

Hemphill    Joe    IDK: N 80 007
Last Name    First Name

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 8/17/6 10-25A | M.D. Note<br>S- Feels better<br>O- Postsurgical Permical wound<br>A   s/p removal of man thing from bladder neck. | Cont. dressing as requested<br>u/c urology<br>F/u 24<br>~~8/24/6~~ |
| | | (signature) RN |
| 8/23/6 10-10A | M.D.Note<br>The offender is s/p surgical removal of sting at bladder neck. Currently receiving dressing c iodoform packing. | UIC urology F/u appointment scheduled & approved by Dr Funk<br>(signature) |

Printed on Recycled Paper

DOC 0084 (eff. 9/2002)
(Replaces DC __)

G-56

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Health Status Transfer Summary**

**Transferring Facility:**

Taylorville Correctional Center

Date: 8, 23 06    Time: 12:00   ☐ a.m. ☒ a.m.

**Offender Information:**
Last Name: HERM HILL    First Name: JOE    MI:    ID#: NB0075
DOB 7/17/39

**Transfer Screening** (completed by transferring facility health care staff):

Allergies: NKA    Food Handler Approved: ☒

Current / Acute Conditions / Problems: ☐

Chronic Conditions / Problems: ☐

**Current Medications** (name, dosage, frequency, and duration):
Acute-Short-term:
Chronic Long-term:
Chronic Psychotropic:

Current Treatment: PACKING AND WET TO DRY DSG. ☒ SITZ BATH BID

Therapeutic Diet: REG

Follow-Up Care: ROUTINE

Chronic Clinics: ☐

Specialty Referrals: UIC

Significant Medical History: Prostate Ca Surg 2005 / Males Sling placement 2006
Males Sling Removal 7/06

Physical Disabilities / Limitations: ☐

Assistive Devices / Prosthetics: ☐    ☐ Glasses    ☐ Dentures

Mental Health Issues: ☐ Hx Suicide Attempt Date: / /   ☐ Hx Psych Med  ☐ Hx MPC / STC  Substance Abuse: ☐ Alcohol ☐ Drugs

R & C Use Only: ☐ LAB  ☐ EKG  ☐ CXR  ☐ Dental  ☐ MEDS  ☐ MH  ☐ Other:    ☐ Packet Complete

KD GVO te    8 27, 06
Print Name and Title    Signature    Date

**Reception Screening** (completed by receiving facility health care staff):

Facility:    Date: / /   Time:    ☐ a.m. ☐ p.m.

**Subjective:**    **Assessment:**
Current Complaint:
Current Medications/Treatment:

**Objective:**    **Plan: Disposition:**
Physical Appearance/Behavior:    ☐ Health Information Given  ☐ Emergency Referral
☐ Sick Call: Urgent / Routine
☐ Medication Evaluation  ☐ Therapeutic Diet  ☐ Special Housing  ☐ Chronic Clinics
Deformities: Acute/Chronic:    ☐ Work / Program Limitation  ☐ Specialty Referrals  ☐ Other (specify)
☐ Infirmary Placement:
T:    P:    R:    B/P: /    ☐ Other (specify):

Printed Name and Title    Signature    Date

**For adult transition center transfers only:**

I understand that medical and dental care are my responsibility while I am housed in a transition center. I also understand that if I am in need of health care and I cannot afford to pay for it, I may be transferred back into a facility within the Department that can provide my medical, mental health, or dental needs.

☐ a.m. ☐ p.m.
Offender's Signature    Date    Time

Distribution: Offender's Medical Record; Transferring Facility;    DOC 0080 (Eff. 9/2002)

6-57

State of Illinois – DEPARTMENT OF CORRECTIONS

Facility:

**CORRECTIONAL CENTER**

## REQUEST FOR CONSULTATION – REPORT OF CONSULTATION

Inmate's Name _Hemphill Joe_   Inmate's Number _N80075_

_LIC        G# F/U_

Consult Requested by: _P6 HOLL_   Date: _8/10/06_   ( ) URGENT ( ) MD

Reason For Consult: (List problem)

_s/p surgery (removal of sling from bladder neck_ _P6L_

( ) Evaluation

( ) Management

Findings: _Well healing perineal wound_

Assessment: _s/p infected male sling removal now c̄ constant low grade incontinence._

Recommendations/Plans: _① wound care - cont sitz baths and pack wound until flush c̄ skin. Then antibiotic ointment and dry gauze ___ as needed_

_② incontinence : cont diapers as needed until wound completely healed then will consider further surgical intervention_

_③ F/U 2 months_

Date: _8/24/06_                              _[signature]_  M.D.

(Signature of Consultant)

FOR CORRECTIONAL CENTER MEDICAL DIRECTOR ONLY:

☑ I have reviewed the recommendations contained in this report and approve them.

☐ I have reviewed the recommendations and disapprove or choose to revise them for the following reason:

Date: _5/24/6_                              _P6L_

(Signature of Medical Director)

DC 7105-A1 (Rev. 01/89)
IL 426-0037

G-58

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Infirmary Progress Notes**

Stateville Correctional Center

Offender Information:

Hemphill _____ _____ N80007

| Date/Time | Subjective, Objective, Assessment | Plan |
|---|---|---|
| 8/24/06 0500 | S/O Offender is aware of AM medical furlough to UIC this am, site teach + prep. A Completed AM P.O. meds given 5 d/w | P. Cont. when returned to facility AM UIC appt |
| | A. Chronic medical | |
| 8/25/06 11:05A | M.D. Note Returned from medical furlough perineal wound healing well. | Cont. dressing as ordered F/u at UIC |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0095 (Eff. 9/2002)
(Replaces DC 7147)

