File Date: Dec 26, 2007

Case No: 07cv 7225

ATTACHMENT # ____________________

EXHIBIT H

TAB (DESCRIPTION) ____________________

EX. H

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| Date: July 25, 2006 | Offender: (Please Print) Joe Hemphill | ID#: N-80075 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | SEP 2 8 2006 |

1301

NATURE OF GRIEVANCE:

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report: ___ Date of Report ___ Facility where issued
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): U of I Medical Center

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On June 1, 2006, I was taken to the University of Illinois Hospital in Chicago, due to complications from the "post" prostate surgery. On April 24, 2006, I had surgery at U of I Hospital to correct bladder incontinence and reconstruction of the urinary bladder neck. Following this surgery I was returned to Stateville on April 25, 2006, and daily sitz baths were ordered by U of I. Bacterium ointment was to be applied to the area of the surgery after the sitz baths. However, no medical staff looked at my surgical area until May 12, 2006, when Dr. Ghosh after 18 days following the surgery loo[illegible] at the [illegible] [illegible] [illegible]scribed some bacterial ointment for my discomfort. I was in major pain and

Relief Requested: Two Million Dollars in damages for pain and suffering and unwarranted surgery to clean up the infection.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Joe Hemphill — Offender's Signature N80075 — ID# July 25 '06 — Date
7-25-06 (Changed by counselor on behalf of offender)

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 7/27/06 ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Grievance cannot be resolved at counselor level; this counselor will forward to HCU administrator for ensuring proper handling.

Karen Rabideau — Print Counselor's Name; Karen Rabideau CCII — Counselor's Signature; 7/27/06 — Date of Response

**EMERGENCY REVIEW**

Date Received: RECEIVED OCT 18 2006 OFFICE OF INMATE ISSUES

Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature ___ Date

Distribution: Master File; Offender 40419 DOC 0046 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

discomfort from the drainage and nothing was done to ease my pain. Doctor Ghosh saw me approximately 3 times in 37 days after the surgery. On May 31, 2006, Dr. Ghosh saw me and determined that I was badly infected in the area from the surgery, and sent me back to U of I Hospital on June 1, 2006. Upon arrival at U of I, doctors there saw how badly I was infected and I underwent immediate surgery to clean up the infection. U of I doctors did not remove and replace the "man sling" placed around the bladder neck, but determined that the man sling could be "salvaged". After this surgery to clean up the "post-surgery" infection, I was placed on 3 different antibiotics (intravenously) from June 1, 2006 until June 12, 2006, when I was returned back to Stateville. It is my belief that the proximate cause of my infection was the failure of U of I Hospital to keep me at U of I Hospital after my surgery on April 24, 2006, to install the man sling, and monitor my condition for any signs of infection after the surgery. Also, Stateville Health Care Officials failed to properly monitor my condition after surgery on April 24, 2006, and being returned back to Stateville a day after my surgery on April 25, 2006, and failed to inspect the area of my surgery for signs of infections and other complications. Due to the area of my surgery (anus), it was impossible for me detect the infection, where medical staff did not assist me with the sitz baths or [illegible] of the bacterial ointment. It [illegible] never have been returned to Stateville a day after major surgery. My pain and infection and subsequent surgery to clean up the infection was the direct and proximate cause of U of I Hospital Medical personnel, and the the Stateville Health Care Unit; specifically, Dr. Ghosh who failed to monitor or prescribe a reasonable amount of care required by the Eighth Amendment to the United States Constitution.

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

**Grievance Officer's Report**

Date Received: September 28, 2006 Date of Review: September 29, 2006 Grievance # 1301

Committed Person: Joe Hemphill ID#: N80075

Nature of Grievance: Medical Tx

Facts Reviewed: Grievant alleges he had to endure a second procedure because of infection that could have been avoided with proper care from Stateville HCU

Relief requested: $2,000,000 for pain and suffering

Per Dr. Ghosh Medical Director: Offender Hemphill was prescribed what was recommended at UIC (sitz bath and local antibiotic dressing). The infection was not healing because a foreign substance was placed as part of the previous surgery. Admissions in UIC hospital failed to clean the local infection which was resulted in removal of the foreign body

It appears that this grievance issue has been resolved.

This Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis.

RECEIVED
OCT 18 2006
OFFICE OF INMATE ISSUES

Recommendation: No further action necessary at this time

Tammy Garcia
Print Grievance Officer's Name

Tammy Garcia
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

**Chief Administrative Officer's Response**

Date Received: 10-5-06 ☒ I concur ☐ I do not concur ☐ Remand

Comments:

W. McCann
Chief Administrative Officer's Signature

10-5-06
Date

**Committed Person's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature ID# Date

Distribution: Master File; Committed Person

Page 1 9 OF 19

DOC 0047 (Eff. 10/2001)
(Replaces DC 5657)

EX. "I"

I

EX. "J"

Mr. Joe Hemphill
Register Number N-80075
Post Office Box 112
Joliet, Illinois 60434

October 14, 2006

Director Roger E. Walker, Jr.
Illinois Department of Corrections
1301 Concordia Court
P.O. Box 19277
Springfield, Illinois 62794-9277

Re: Appeal To Director From Stateville
CAO Decision On Grievance #1301

Dear Director Walker:

I am appealing the Stateville Grievance Officer's Report and Findings entered on September 29, 2006, and attached hereto. At issue, is the failure of the grievance officer to seriously consider my claim that the proximate cause of the infection I suffered was from the lack of proper medical care required from the surgery I underwent. After reconstructive bladder neck surgery on April 26, 2006, at U of I Hospital, the follow-up care consisted of daily sitz baths and applying bacterium ointment to the area of my surgery. The area of my surgery was the anus. The Stateville grievance officer relied exclusively on the memorandum of Dr. Partha Ghosh, who indicated that "[t]he infection was not healing because a foreign substance was placed as a part of the previous surgery." See, Attached memorandum of Partha Ghosh. Never does Dr. Ghosh address my allegation that the cause of the infection was the failure of Stateville Officials to properly give the sitz baths and apply the antibiotic ointment.

Medical records attached hereto indicate that on May 1, 2006, the "RN" noted: "self care of perineal wound & bacitrain". Also, RN notes the same on April 30, 2006. Again, on May 3, 2006, RN notes "self care of perineal wound." The RN noted that I had to take the sitz baths by myself and apply the antibiotic ointment myself on the following days: May 12, 13, 14, and 20, 2006. Medical staff did not assist me in the daily sitz baths or applying the antibiotic ointment. Because I could not properly clean my surgical wound or properly apply the antibiotic ointment myself, this denial of proper medical care resulted in an infection of my surgical area. Clearly, the medical reports attached hereto indicate that I was required to care for myself immediately after my surgery. This is the proximate cause of my infection, where medical staff at Stateville refused to care for me; but required me to care for myself.

RECEIVED

OCT 18 2006

OFFICE OF
INMATE ISSUES

J

Ex. "J"

letter to Roger E. Walker
Re: Appeal of grievance #1301

October 14, 2006
Page Two

I am requesting this appeal to consider my medical reports along with Dr. Ghosh's memorandum, and decide whether I received proper medical care as required under the Eighth Amendment. Clearly I could not properly care for myself or proper clean my surgical area (anus) after the operation and determine whether it was infected. The medical reports belie Dr. Ghosh's memorandum, and I respectfully ask that monetary damages be awarded as indicated in my original grievance filed and attached hereto.

Very truly yours,

Joe Hemphill

JH/jmh

Encl:

RECEIVED
OCT 18 2006
OFFICE OF
INMATE ISSUES

J

Ex. "K"

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

Offender: Hemphill (Last Name) Joe (First Name) ___ (MI) N80075 (ID#)

Facility: STA

☒ Grievance (Local Grievance # (if applicable): ____________) or ☐ Correspondence 4/25/06 – 5/12/06

Received: 10/18/06 (Date) Regarding: medical treatment

The attached grievance or correspondence is being returned for the following reasons:

Additional information required:

- ☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).
- ☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

Misdirected:

- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

No further redress:

- ☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.
- ☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on ___/___/___ (Date).
- ☐ No justification provided for additional consideration.

Other (specify): grievance dated 7/27/06 / 60 Rec. 9/28/06

Completed by: Melody J. Ford (Print Name) Melody J. Ford (Signature) 1/26/07 (Date)

Distribution: Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)

7 of 19

K

Exhibit "L"



# Exhibit "M"



# Exhibit "N"



# Exhibit "O"



Ex. "P"

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: June 21, 2006 | Offender: (Please Print) Joe Hemphill | ID#: N-80075 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): U of I Medical Center, Chicago
- ☐ Disciplinary Report: __/__/__ Date of Report — Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On April 24, 2006, I was at the University of Illinois Hospital in Chicago, for corrective prostate surgery. The surgery lasted from 8:30am to 11:45am. Before surgery, I.V.'s were inserted in my left arm. On April 25, 2006, the I.V.'s were removed from my left arm at approximately 7pm, and I was discharged from the U of I Hospital and returned to Stateville at approximately 9pm. On April 25, 2006, I noticed my left arm was swollen from where the I.V. had been. On May 4, 2006, I returned to the U of I Hospital in Chicago for follow-up from the surgery. I mentioned to the medical staff that my arm was swollen from the I.V. and I was told that it was nothing to worry about, and the swelling would

Relief Requested: I request damages in the amount of twenty thousand dollars to compensate me for the negligence of U of I Hospital, and pain I suffered from further surgery to remove the foreign object.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Joe Hemphill — Offender's Signature N80075 — ID# 6/22/06 — Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)

Date Received: 6/23/06 ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Forward to HCU Dr. Ghosh for review and response

RECEIVED JUL 9 2006 STATEVILLE CORRECTIONAL CENTER ADMINISTRATIVE REVIEW OFFICE

J.M. PARRISH-ORTEGA CC2 — Print Counselor's Name; [signature] CC2 — Counselor's Signature; 6/27/06 — Date of Response

**EMERGENCY REVIEW**

Date Received: __/__/__ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature — Date __/__/__

Distribution: Master File; Offender — Page 1 — DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

P

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

go away. On May 5, 2006, I told Stateville's Health Care Officials about my arm. I spoke with Dr. Ghosh, Nurse Cheryl, Mary Garb, and Sandy about my arm. On May 9, 2006, I was taken to Stateville's emergency room by Dr. Ghosh for treatment of my arm. Dr. Ghosh said that something was inside my arm, and tried to remove the unknown object in my arm. Dr. Ghosh made an incision in my arm to try and remove the object, but was not successful. This procedure lasted from 11:30am to 12:15pm. Three (3) stiches were required to close the wound. On May 10, 2006, Dr. Ghosh along with Mary Garb, again attempted to remove the object from my left arm. This procedure lasted from 10:45am to 12:30pm. Dr. Ghosh was successful in removing the object and six (6) stiches were required to close the wound. Internal Affairs were called, and took several pictures of the wound, stiches, and the object removed from my arm immediately after this surgical procedure on May 10, 2006. It is my belief that the object removed from my arm was part of the I.V. or catheter inserted by medical personnel from the University of Illinois Hospital, in Chicago. Dr. Ghosh told me that the foreign object removed from my arm would be sent out to be analyzed. Dr. Ghosh prescribed tylenol 3 and codeine for me after removing the object from my arm. I believe that the proximate cause of my pain and swelling to my left arm, was due to the foreign object left in my arm by U of I Hospital. The pain in my left arm was severe before and after the surgery to remove the object. I believe that University of Illinois Hospital was negligent in failing to remove all of the catheter and I.V. placed in my left arm, and because of such negligence I had to undergo two painful surgery's to remove the object left in my arm by U of I Hospital personnel. University of Illinois Hospital, in Chicago, is the proximate cause of my pain and suffering.

RECEIVED
JUL 6 2006



Illinois
Department of
Corrections

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607
TDD: (800) 526-0844

# MEMORANDUM

Date: August 20, 2006

To: JM Parrish-Ortega,
Counselor

From: Partha Ghosh, MD
Medical Director

PG

Subject: Medical Grievance for Hemphill, Joe N80075

The doctor in the HCU evaluated the offenders (L) forearm. Exploration of the area did not reveal presence of foreign body in offenders (L) forearm. Offender Hemphill had inflammation of veins from IV insertion at UIC. HCU staff had already received proper treatment of inflamed veins.

PG:jrw

Cc: Assistant Warden Programs
Counselor Office
Medical Records
File

Ex. "Q"





Illinois
Department of
Corrections

Rod R. Blagojevich
Governor

Roger E. Walker, Jr.
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607 / TDD: (800) 526-0844

# MEMORANDUM

DATE: 10-19-06

TO: Hemphill-N80075

FROM: A. Workman, Corr. Couns. II
Grievance Office

SUBJECT: **ATTACHED GRIEVANCE -**

The attached grievance is being returned for the following reason:

______ It needs to be rewritten and submitted to your counselor on the attached Committed Person's Grievance Report.

______ It was not filed within 60 days of discovery of the incident, occurrence, or problem which gives rise to the grievance as required in DR 504F, Grievance Procedures for Committed Persons.

______ Issue needs to be discussed with your counselor for possible resolution.

______ No issue outlined in grievance.

______ It appears that no attempt has been made to resolve the issue as required by DR 504F.

______ Issue is currently being reviewed by ______

X Issue previously addressed. No justification for further action.

X Other: Answered in grievance #1301 w/ a response date of 9-25-06 ____ Forward to Administrative Review Board

GS:tc

cc: file

RECEIVED
OCT 26 2006
OFFICE OF INMATE ISSUES

Ex. "R"



RECEIVED

OCT 2 6 2006

OFFICE OF
INMATE ISSUES

Mr. Joe Hemphill
Register Number N-80075
Post Office Box 112
Joliet, Illinois 60434

October 25, 2006

Roger E. Walker Jr., Director
Illinois Department of Corrections
Administrative Review Board
1301 Concordia Court
P.O. Box 19277
Springfield, Illinois 62794-9277

Re: ARB Review - Stateville

Dear Director:

Enclosed you will find my grievance dated October 15, 2006, from the Stateville Correctional Center that was not reviewed because the Grievance Officer, A. Workman, incorrectly determined that my grievance had been resolved in grievance number 1301 that is currently pending before your Office. I respectfully ask that you peruse the instant grievance to determine that it raises a significant question about Doctor Partha Ghosh's reliability in resolving medical grievances. The instant grievance is factually different from grievance #1301, and I ask that this Office carefully examine such along with the exhibits attached thereto to determine whether Dr. Ghosh has mislead, and misstated the facts to protect the doctors at U of I Hospital in Chicago. The instant grievance along with medical reports clearly show that Dr. Ghosh's findings in his memorandum that the grievance officer determined to be medically sound, was the basis to deny my grievance.

Please review the instant grievance to determine whether Dr. Ghosh has violated my constitutional rights by interferring with the grievance process to make a favorable outcome for State officials.

Very truly yours,

Joe Hemphill

JH/jmh

Encl:

RECEIVED
OCT 26 2006
OFFICE OF INMATE ISSUES

Group Ex. "S"




Group Ex

S

5-2

ILLINOIS DEPARTMENT OF CORRECTIONS

# OFFENDER'S GRIEVANCE

| Date: Oct. 15, 2006 | Offender: (Please Print) Joe Hemphill | ID#: N-80075 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): ____

☐ Disciplinary Report: ___/___/___ (Date of Report) ____ (Facility where issued)

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On June 21, 2006, I filed a written grievance concerning a lack of proper medical care by the U of I Hospital in Chicago. A copy of that grievance is attached hereto as my exhibit "A". The grievance complained of U of I Hospital personnel leaving part of an I.V. catheter in my left forearm. The grievance was referred to Dr. Partha Ghosh, who indicated his findings in a written memorandum dated Agust 20, 2006. The memorandum indicated that "exploration of the area did not reveal presence of foreign body in offenders (L) forearm. Offender Hemphill had inflamation of veins from I.V. insertion at UIC. HCU staff had already received proper treatment of inflamed veins." See, Memorandum of Dr. Ghosh.

**Relief Requested:** I ask that the instant grievance be reviewed by the Grievance Officer with my grievance dated June 21, 2006, and determine whether my grievance should be sustained. Also award me damages against Dr. Ghosh; and damages from 6/21/06 grievance.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

X Joe Hemphill (Offender's Signature) N80075 (ID#) 10/15/06 (Date)

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)

Date Received: ___/___/___ ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: ____

____ Print Counselor's Name ____ Counselor's Signature ___/___/___ Date of Response

**EMERGENCY REVIEW**

Date Received: RECEIVED OCT 26 2006 OFFICE OF INMATE ISSUES

Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

____ Chief Administrative Officer's Signature ___/___/___ Date

Distribution: Master File; Offender Page 1 DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

attached hereto as exhibit "B". I have cause to complain about Dr. Ghosh's findings in his memorandum, where I have requested a copy of medical records which reveal that Dr. Ghosh did not speak the truth in his memorandum. The attached medical records indicate that on May 9, 2006, at 12:10 pm, my left forearm was X-rayed, and Dr. Ghosh indicated that a "...2 inch long cord felt in the back of left wrist and lower forearm. [A] small incision was made [to] extract the catheter were unsuccessful in [the] ER. Wound were sutured. 3 sutures needed to close the incision. A 2 inch foreign body in Left forearm & wrist." See, Exhibit "C". And, on May 10, 2006, at 11:30 am, Dr. Ghosh's own medical records indicate the following: "The offenders left forearm & wrist was reexplored. After locit anesthetic the incision was extended. The vein was mobilized. A small opening in the vein was made. Pressure was put from above to expel the content of the vein. 4 small dark fragments & large fragment (1" long) was expelled from the vein. Those fragments were dark black in color. Photographs were taken. The surgical wound was closed. Six sutures & dressing applied." See, Exhibit "D". The medical records attached hereto clearly belie Dr. Ghosh's memorandum that falsely indicated that "...exploration of the area did not reveal presence of foreign body in offenders left forearm". Because Dr. Ghosh has misrepresented the facts to my grievance dated June 21, 2006, that grievance should be reviewed together with the instant grievance to properly determine whether Dr. Ghosh has intentionally misstated the facts to deny me the right to have a grievance determined fairly, and without false and misleading reports generated by Dr. Ghosh to protect Doctors at the U of I Hospital in Chicago. Dr. Ghosh's actions are criminal, and he may be civilly liable for intentionally interfering with the grievance process. My right to file a grievance against improper health care cannot be intentionally interfered with by a prison doctor who attempts to protect other doctors. The attached medical reports clearly show that a foreign object was expelled from my left forearm after 2 attempts of a surgical procedure to remove it. Dr. Ghosh's actions and his memorandum has intentionally denied me due process of law, and he should never be allowed to offer his so-called professional opinion in any medical grievance. Clearly, Dr. Ghosh has lied in the grievance process.

Exhibit "C"

| Date: June 21, 2006 | Offender: (Please Print) Joe Hemphill | ID#: N-80075 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): U of I Medical Center, Chicago
- ☐ Disciplinary Report: __/__/__ (Date of Report) ______ (Facility where issued)

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On April 24, 2006, I was at the University of Illinois Hospital in Chicago, for corrective prostate surgery. The surgery lasted from 8:30am to 11:45am. Before surgery, I.V.'s were inserted in my left arm. On April 25, 2006, the I.V.'s were removed from my left arm at approximately 7pm, and I was discharged from the U of I Hospital and returned to Stateville at approximately 9pm. On April 25, 2006, I noticed my left arm was swollen from where the I.V. had been. On May 4, 2006, I returned to the U of I Hospital in Chicago for follow-up from the surgery. I mentioned to the medical staff that my arm was swollen from the I.V. and I was told that it was nothing to worry about, and the swelling would

**Relief Requested:** I request damages in the amount of twenty thousand dollars to compensate me for the negligence of U of I Hospital, and pain I suffered from furth[illegible] [illegible]ry to remove the foreign object.

☐ Check only if [illegible] grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Joe Hemphill (Offender's Signature) — N80075 (ID#) — 6/22/06 (Date)

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 6/23/06 ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Forward to HCU Dr Ghosh for review and response.

RECEIVED JUL 9 2006 STATEVILLE CORRECTIONAL CENTER

J.K. PARRISH-ORTEGA CCII (Print Counselor's Name) — [signature] CC2 (Counselor's Signature) — 6/27/06 (Date of Response)

**EMERGENCY REVIEW**

Date Received: __/__/__ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______ Chief Administrative Officer's Signature ______ Date

Distribution: Master File; Offender Page 1 DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

RECEIVED OCT 26 2006 OFFICE OF INMATE ISSUES

S-3 [signature] [signature] "[illegible]"

go away. On May 9, 2006, I told Stateville's Health Care Officials about my arm. I spoke with Dr. Ghosh, Nurse Cheryl, Mary Garb, and Sand about my arm. On May 9, 2006, I was taken to Stateville's emergency room by Dr. Ghosh for treatment of my arm. Dr. Ghosh said that something was inside my arm, and tried to remove the unknown object in my arm. Dr. Ghosh made an incision in my arm to try and remove the object, but was not successful. This procedure lasted from 11:30am to 12:15pm. Three (3) stiches were required to close the wound. On May 10, 2006, Dr. Ghosh along with Mary Garb, again attempted to remove the object from my left arm. This procedure lasted from 10:45am to 12:30pm. Dr. Ghosh was successful in removing the object and six (6) stiches were required to close the wound. Internal Affairs were called, and took several pictures of the wound, stiches, and the object removed from my arm immediately after this surgical procedure on May 10, 2006. It is my belief that the object removed from my arm was part of the I.V. or catheter inserted by medical personnel from the University of Illinois Hospital, in Chicago. Dr. Ghosh told me that the foreign object removed from my arm would be sent out to be analyzed. Dr. Ghosh prescribed tylenol 3 and codeine for me after removing the object from my arm. I believe that the proximate cause of my pain and swelling to my left arm, was due to the foreign object left in my arm by U of I Hospital. The pain in my left arm was severe before and after the surgery to remove the object. I believe that University of Illinois Hospital was negligent in failing to remove all of the catheter and I.V. placed in my left arm, and because of such negligence I had to u[illegible] painful surgery's to remove the object left in my arm by U of [illegible] personnel. University of Illinois Hospital, in Chicago, is the proximate cause of my pain and suffering.

RECEIVED
JUL 9 2006

RECEIVED
OCT 26 2006
OFFICE OF
INMATE ISSUES





Illinois
Department of
Corrections

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607
TDD: (800) 526-0844

# MEMORANDUM

Date: August 20, 2006

To: JM Parrish-Ortega,
Counselor

From: Partha Ghosh, MD
Medical Director

Subject: Medical Grievance for Hemphill, Joe N80075

The doctor in the HCU evaluated the offenders (L) forearm. Exploration of the area did not reveal presence of foreign body in offenders (L) forearm. Offender Hemphill had inflammation of veins from IV insertion at UIC. HCU staff had already received proper treatment of inflamed veins.

PG:jrw

Cc: Assistant Warden Programs
Counselor Office
Medical Records
File

RECEIVED

OCT 26 2006

OFFICE OF
INMATE ISSUES

ILLINOIS DEPARTMENT OF CORRECTIONS

Exhibit

**Offender Outpatient Progress Notes**

Stateville Correctional Center

Offender Information:

Hemphill Joe [illegible] 800?5

Last Name / First Name / MI

| Date/Time | Subjective, Objective, Assessment | |
|---|---|---|
| 5/?/?? 12:10 | [illegible] note | |
| | S The offender said that part of the angio-cath might have been left [illegible] his (L) [illegible] at the time of Discharge from UIC Hospital. | X-ray (L) hand wrist [illegible] Daily [illegible] of (L) [illegible] Remove [illegible] on [illegible] |
| | O. On palpation 2" long cord [illegible] in the back of (L) hand wrist & lower forearm. | [illegible] |
| | [illegible] incision [illegible] the angio cath were unsuccessful in ED. Wound were sutured (3 sutures needed to close the incision. | |
| | A - 2 FB in (L) forearm wrist hand | |
| RECEIVED OCT 26 2006 | ?, Thrombosis of (L) vein. | F6? |

OFFICE OF INMATE ISSUES

Distribution: Offender's Medical Record

ILLINOIS DEPARTMENT OF CORRECTIONS

5-5

(Replaces DC 7147)

# Offender Outpatient Progress Notes

______________________ Center

**Offender Information:**

Last Name ______ First Name ______ MI ______ ID#: ______

| Date/Time | Subjective, Objective, Assessment | Plan |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Printed on Recycled Paper

RECEIVED
OFFICE ...
INMATE ISSUES

18

Exhibit

**Offender Outpatient Progress Notes**

**Stateville Correctional Center**

Offender Information:

Hemphill Joe

Last Name | First Name | MI

| Date/Time | Subjective, Objective, Assessment, Plan | |
|---|---|---|
| 5/10/6 | MD note | Keep elev. Dressing Dry |
| 11:30 A | The offender's (R) forearm (wrist) was reexplored. After local anesthesia the incision was [illegible]. The vein was mobilized & ligation placed in the distal end. A small opening in the vein was made. Pressure was put from above to expel the content of the vein. 4 small dark fragments & large fragment [illegible] was expelled from the vein. Those fragments were friable & dark black in color. Photographs were taken. The surgical wound was close c six sutures & dressing was applied | Keflex [illegible] PO. Motrin [illegible] PO PRN. Remove [illegible] on [illegible]. Noted 5-11-0[illegible] |
| | RECEIVED | |

Distribution: Offender's Medical Record

OCT 26 2006

OFFICE OF INMATE ISSUES

S-6

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**Stateville Correctional Center**

Offender Information:

Hemphill [illegible] ID#: N80075

| Date/Time | Subjective, Objective, Assessment | Plan |
|---|---|---|
| 5/11/06 | R[illegible] notes | P.) Con[illegible] |
| 5pm | S: None | As ordered |
| | O: Inmate observed | |
| | [illegible] in [illegible] | |
| | on (L) waist has old | |
| | drainage on it. Ø active | |
| | bleeding | |
| | A. removal of foreign body | [signature] |
| N[illegible] | | |

RECEIVED

S-7

Printed on Recycled Paper

(Replaces DC 7147)



Stateville-Routine
16300 S. Route 53
Cresthill, IL 60435

University of Illinois
Medical Center
Reference Laboratory
840 South Wood Street
Room 170 (M/C 750)
Chicago, Illinois 60612
Ph # (877)FOR-LABS
Lanne Maes, M.D., Director

FASTING: U

| PATIENT NAME | PATIENT ID | DOB | SEX | STATUS | DESTINATION |
|---|---|---|---|---|---|
| HEMPHILL, N80075 | A209-80075 | 07/17/1939 | M | Final | D209 |

| PHYSICIAN | COLLECT DATE & TIME | DATE OF SERVICE | PRINTED ON | PAGE |
|---|---|---|---|---|
| GHOSH, PARTHASARATHI | 07/12/2006 11:45 | 07/12/2006 23:55 | 07/21/2006 6:01 | 1 |

| REQUISITION NO. | PT. LAB NO. | LAB REF NO. |
|---|---|---|
| A209.2253 | | |

COMMENTS:

Ex. "T"

| Diagnostic Procedure | Result: In Range | Result: Out of Range | Units | Reference Range |
|---|---|---|---|---|

Footnotes
(a) Duplicate tests are printed on this report.

WOUND CULTURE Collected on: 07/12/2006 11:45

| | |
|---|---|
| SPECIMEN DESCRIPTION | SCROTUM |
| | DRAINAGE AFTER PROSTATE SURGERY |
| SPECIAL REQUESTS | RECEIVED ON GEL TRANSPORT SWAB |
| CULTURE | MODERATE DIPHTHEROIDS |
| | RARE PSEUDOMONAS AERUGINOSA VARIETY 1 |
| | RARE PSEUDOMONAS AERUGINOSA VARIETY 2 |
| REPORT STATUS | FINAL |
| | 07202006 |

SUSCEPTIBILITY Collected on: 07/12/2006 11:45

| | |
|---|---|
| ORGANISM | RARE PSEUDOMONAS AERUGINOSA VARIETY 1 |
| METHOD | VITEK SUSCEPTIBILITY |
| AMIKACIN | SUSCEPTIBLE |
| AMPICILLIN | RESISTANT |
| CEFAZOLIN | RESISTANT |
| CEFTAZIDIME | SUSCEPTIBLE |
| CEFEPIME | SUSCEPTIBLE |
| CEFTRIAXONE | SUSCEPTIBLE |
| GENTAMICIN | SUSCEPTIBLE |
| IMIPENEM | SUSCEPTIBLE |
| LEVOFLOXACIN | SUSCEPTIBLE |
| PIPERACILLIN/TAZOBAC | SUSCEPTIBLE |
| TRIMETH-SULFAMETHOX | RESISTANT |

SUSCEPTIBILITY Collected on: 07/12/2006 11:45

| | |
|---|---|
| ORGANISM | MODERATE DIPHTHEROIDS |
| METHOD | VITEK SUSCEPTIBILITY |
| AMIKACIN | NOT DONE |
| AMPICILLIN | NOT DONE |
| CEFAZOLIN | NOT DONE |
| CEFTAZIDIME | NOT DONE |
| CEFEPIME | NOT DONE |
| CEFTRIAXONE | NOT DONE |
| GENTAMICIN | NOT DONE |
| IMIPENEM | NOT DONE |
| LEVOFLOXACIN | NOT DONE |
| PIPERACILLIN/TAZOBAC | NOT DONE |
| TRIMETH-SULFAMETHOX | NOT DONE |

Continued on the next page

Stateville-Routine
16300 S. Route 53
Cresthill, IL 60435

University of Illinois Medical Center Reference Laboratory
840 South Wood Street
Room 170 (M/C 750)
Chicago, Illinois 60612
Ph # (877)FOR-LABS
Lanne Maes, M.D., Director

FASTING: U

| PATIENT NAME | PATIENT ID | DOB | SEX | STATUS | DESTINATION |
|---|---|---|---|---|---|
| HEMPHILL, N80075 | A209-80075 | 07/17/1939 | M | Final | D209 |

| PHYSICIAN | COLLECT DATE & TIME | DATE OF SERVICE | PRINTED ON | PAGE |
|---|---|---|---|---|
| GHOSH, PARTHASARATHI | 07/12/2006 11:45 | 07/12/2006 23:55 | 07/21/2006 6:01 | 2 |

| REQUISITION NO. | PT. LAB NO. | LAB REF NO. |
|---|---|---|
| A209.2253 | | |

COMMENTS:

Ex. "T"

| Diagnostic Procedure | Result: In Range | Result: Out of Range | Units | Reference Range |
|---|---|---|---|---|
| SUSCEPTIBILTY Collected on: 07/12/2006 11:45 | | | | |
| ORGANISM | RARE PSEUDOMONAS AERUGINOSA VARIETY 2 | | | |
| METHOD | VITEK SUSCEPTIBILITY | | | |
| AMIKACIN | SUSCEPTIBLE | | | |
| AMPICILLIN | RESISTANT | | | |
| CEFAZOLIN | RESISTANT | | | |
| CEFTAZIDIME | SUSCEPTIBLE | | | |
| CEFEPIME | SUSCEPTIBLE | | | |
| GENTAMICIN | SUSCEPTIBLE | | | |
| IMIPENEM | SUSCEPTIBLE | | | |
| LEVOFLOXACIN | INTERMEDIATE | | | |
| PIPERACILLIN/TAZOBAC | SUSCEPTIBLE | | | |
| TRIMETH-SULFAMETHOX | RESISTANT | | | |

End of Report

T

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| Date: 9/13/06 | Offender: (Please Print) Joe Hemphill | ID#: N-80075 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
- ☐ Staff Conduct ☐ Dietary ☒ Medical Treatment ☐ HIPAA
- ☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify) ______
- ☐ Disciplinary Report: __/__/__ Date of Report ______ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On August 1, 2006, I ~~was~~ again underwent surgery to remove the sling of the bladder neck installed by previous surgery at U of I Hospital in Chicago, because of a severe infection. This is reported in my grievance dated July 25, 2006. Because U of I doctors did not remove the "man sling" when I underwent surgery on June 1, 2006, to clean up the infection from the man sling, but U of I doctors determined that the man sling could be "salvaged", has needlessly required the additional surgery on August 1, 2006, to finally remove the man sling, because the infection of the bladder neck could not be cleaned up or treated unless man sling was removed because of its infection as well. This medical

Relief Requested: Adequate monetary compensation for the pain and suffering caused by inadequate medical treatment and needless surgery.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Joe Hemphill (Offender's Signature) N80075 (ID#) 9/13/06 (Date)

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 9/18/06 ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Grievance cannot be resolved at the Counselor level; this Counselor will forward it to HCU Administrator/Dr. Ghosh to ensure proper handling.

Karen Rabideau CC2 (Print Counselor's Name) K. Rabideau CC2 (Counselor's Signature) 9/18/06 (Date of Response)

**EMERGENCY REVIEW**

Date Received: __/__/__ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______ Chief Administrative Officer's Signature __/__/__ Date

Distribution: Master File; Offender

DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

Ex. "U"

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

process of leaving the infected man sling around the bladder neck was a medical decision destined for disaster. Because of this decision, I had to undergo a surgery on August 1 2006, to remove the man sling that should have been removed on June 1, 2006, when I underwent surgery to clean up the infection caused by the man sling and inappropriate post-operative care by Stateville Health Care Officials. I returned to U of I Hospital on August 24, 2006, and it was determined that I would have to undergo additional surgery to correct the bladder incontinence left from the initial surgery in 2004, to remove the prostrate. I have been denied my right to adequate medical treatment required by the 8th and 14th Amendments to the United States Constitution. Because of the major maltreatment described herein, and the previous grievances filed relating to my operations from prostrate surgery, and infections caused by a lack of adequate post operative medical care, I have suffered substantial pain, and suffering, and continue to suffer pain and mental anguish at the thought of undergoing additional surgery to correct what should have been [illegible]ed by U of I doctors during previous surgeries.