# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7225 | **DATE** | 1/3/2008 |
| **CASE TITLE** | Joe Hemphill (N-80075) vs. University of Illinois Medical Center, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed in forma pauperis [3] is denied. Plaintiff is given until January 28, 2008, to pay the filing fee. Plaintiff is warned that if he fails to pay the filing fee by January 28, 2008, this action will be dismissed. Plaintiff's motion for appointment of counsel [4] is denied.

■[ For further details see text below.]            Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Joe Hemphill's ("Hemphill") motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Hemphill indicates on his *in forma pauperis* application form that he has not received more than $200 from any source in the last twelve months. However, the prison trust account attached to the *in forma pauperis* application form indicates that Hemphill has received deposits totaling approximately $400 in the last six months. Hemphill has thus failed to provide accurate information on his *in forma pauperis* application form and we deny the motion. Hemphill is given until January 28, 2008, to pay the filing fee. Hemphill is warned that if he fails to pay the filing fee by January 28, 2008, this action will be dismissed.

Hemphill also seeks an appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"

**STATEMENT**

*Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel the court should evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Hemphill has not shown himself to be indigent. In addition, Hemphill has not indicated that he has made efforts to obtain counsel and this case does not appear overly complex or difficult, factually or legally. We have considered the entire record in this case at this juncture, as it reflects on Hemphill's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Hemphill is competent to present his case without the assistance of appointed counsel. Therefore, we find that an appointment of counsel is not warranted at this juncture and we deny the motion for appointment of counsel.